2019CV04628-09

**ORIGINAL SUMMONS**

## SUPERIOR COURT OF CLAYTON COUNTY

### STATE OF GEORGIA

BRITTANI WILLIAMS
_____
Plaintiff

CASE NUMBER  2019CV04628-09

c/o Radford & Keebaugh LLC
_____
Address

315 W Ponce de Leon Ave Ste 1080
Decatur GA 30030
_____

SUMMONS

November _____ Term, 2019

VS.

CALENDAR DATES

VICTOR HILL, individually and in his official capacity as Sheriff of Clayton County, Georgia, RICHARD MOEN, individually, and DERRICK FARMER, individually,
Defendant

9157 Tara Blvd, Jonesboro, GA 30236
_____
Address

_____

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Regan Keebaugh
Radford & Keebaugh LLC
315 W Ponce de Leon Ave Ste 1080
Decatur GA 30030

an answer to the complaint which is herewith served upon you, **within 30 days** after service of this summons, upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Jacquline D. Wills
Clerk of Court
Superior Court Division

/s/ Haley West
By_____
Deputy Clerk

ORIGINAL SUMMONS.wpd

01/01/11

HW

2019CV04628-09

EFILED
CLAYTON COUNTY, GA
12/9/2019 5:47 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BRITTANI WILLIAMS, | |
| Plaintiff, | **Civil Action File No.** |
| v. | 2019CV04628-09 |
| VICTOR HILL, individually and in his official capacity as Sheriff of Clayton County, Georgia, RICHARD MOEN, individually, and DERRICK FARMER, individually, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiff Brittani Williams ("Ms. Williams") states her complaint against the above-named Defendants as follows:

1.      This is a complaint for (1) disability discrimination pursuant to O.C.G.A. § 34-6A-6, (2) punitive damages pursuant to O.C.G.A. § 51-12-5.1, and (3) retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over Ms. Williams' claims pursuant to O.C.G.A. § 34-6A-6 and 29 U.S.C. § 2617(a)(2).

3.      Venue is proper in this Court because the violations alleged herein occurred in Clayton County, Georgia.

HW

2019CV04628-09

## PARTIES

4.  Plaintiff, Ms. Williams, is a resident of Clayton County, Georgia and submits to the jurisdiction of this Court.  Ms. Williams was formerly employed by the Clayton County Sheriff's Office (the "CCSO").  This complaint arises from Defendants' termination of Ms. Williams' employment due to her disability and in retaliation for her use of FMLA leave.

5.  Defendant Victor Hill ("Hill") is the current Sheriff of Clayton County, Georgia.  He is sued in his individual and official capacities.  As Sheriff, Hill is the final policymaker for the CCSO and was the final decision-maker with respect to Ms. Williams' termination.

6.  Defendant Richard Moen ("Moen") is a Captain with the CCSO.  He participated in the decision to terminate Ms. Williams' employment.

7.  Defendant Derrick Farmer ("Farmer") is the Chief Clerk of the CCSO.  He participated in the decision to terminate Ms. Williams' employment.

## FACTUAL ALLEGATIONS

8.  Ms. Williams began employment with the CCSO as a Corrections Officer in July 2012.  She became a Sheriff Service Clerk in April 2015.

9.  Ms. Williams suffers from service-related Post Traumatic Stress Disorder ("PTSD").

10. In January 2018, Ms. Williams requested and received intermittent FMLA leave for leave necessitated by her PTSD symptoms, including severe headaches, debilitating anxiety, and panic attacks.

Page 2 of 8

2019CV04628-09

11.     In early April 2019, Ms. Williams was informed that she was being transferred from the "day shift," which begins at 8:00 a.m. and ends at 4:00 p.m., to the "evening shift," which begins at 2:30 p.m. and ends at 10:30 p.m.

12.     The CCSO formally transferred Ms. Williams from day shift to evening shift on or about April 13, 2019.

13.     Being outside after dark aggravates Ms. Williams' PTSD, which in turn causes her to experience increased stress and anxiety, severe headaches, and panic attacks, among other symptoms.

14.     Ms. Williams provided CCSO a letter from her psychiatrist on April 15, 2019, in which her psychiatrist notified CCSO that "recent changes in [Ms. Williams'] work duties, i.e., working after sunset and/or alone in the office while interacting with strangers and the general public, is likely to increase overall stress level and may need to be considered in regards to supporting this veteran's gainful employment."

15.     After transferring to evening shift, Ms. Williams began experiencing more frequent headaches and panic attacks, among other symptoms of exacerbated PTSD.  During this period, Ms. Williams used FMLA leave to cover leave necessitated by these symptoms.

16.     On June 13, 2019, the CCSO notified Ms. Williams that she was required to undergo a "fit-for-duty exam . . . to obtain specific information to determine [her] ability to safely and effectively carry out [her] duties as a Sheriff's Office Clerk."  CCSD also required Ms. Williams' healthcare provider to complete a "fit-for-duty evaluation form" as part of the exam.

2019CV04628-09

17.     Ms. Williams underwent the required fit-for-duty exam on June 19, 2019.

18.     Ms. Williams passed the fit-for-duty exam.

19.     On the fit-for-duty evaluation form, Ms. Williams' healthcare provider indicated that her PTSD does not "pose a direct threat to the health and safety of herself or others" and that she is able to perform the essential functions of her job with accommodation.

20.     Ms. Williams' health care provider further explained on the fit-for-duty evaluation form that Ms. Williams has "panic attacks when outside alone after dark" and as a result she is "unable to be outside alone after dark." Therefore, Ms. Williams' healthcare provider indicated that Ms. Williams required a workplace accommodation of "not working after dark."

21.     The CCSO received Ms. Williams' fit-for-duty evaluation form on June 19, 2019.

22.     Two days after receiving Ms. Williams' fit-for-duty evaluation form, on June 21, 2019, Hill placed Ms. Williams on administrative leave without pay for violating the CCSO's personal hygiene policy by coming to work with "bright red" hair.

23.     On June 26, 2019, Farmer sent Ms. Williams a memorandum notifying her of his intent to discipline her for violating the CCSO's personal hygiene policy on June 21, 2019.

24.     Moen terminated Ms. Williams on June 28, 2019 for violating the CCSO's personal hygiene policy on June 21, 2019.

**COUNT ONE – Disability Discrimination**

**in Violation of O.C.G.A. § 34-6A-4**

**(Against All Defendants)**

25. Plaintiff incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. O.C.G.A. § 34-6A-4(a) provides: "No employer shall . . . discriminate against any individual with disabilities with respect to wages, rates of pay, hours, or other terms and conditions of employment because of such person's disability unless such disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible."

27. Ms. Williams was fully able to perform the duties and responsibilities of a Sheriff Service Clerk.

28. Ms. Williams did not come to work with "bright red" hair on June 21, 2019. This allegation was manufactured to support terminating Ms. Williams.

29. Other employees of the CCSO frequently report to work with dyed and/or bleached hair but are not disciplined for doing so.

30. Defendants violated O.C.G.A. § 34-6A-4 by terminating Ms. Williams' employment due to her disability and due to her request that her disability be accommodated by allowing her to work the day shift.

Page 5 of 8

## COUNT TWO – Punitive Damages under O.C.G.A. § 51-12-5.1

### (Against All Defendants)

31.    Plaintiff incorporates paragraphs 1 through 30 above as if fully set forth herein.

32.    As shown above, by knowingly discriminating against Ms. Williams on account of her disability, Defendants demonstrated "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1.

33.    Ms. Williams is therefore entitled to recover punitive damages for Defendants' conduct under O.C.G.A. § 51-12-5.1.

## COUNT THREE – Retaliation in Violation of the FMLA

### (Against Defendant Hill in his Official Capacity as Clayton County Sheriff)

34.    Plaintiff incorporates paragraphs 1 through 24 above as if fully set forth herein.

35.    The FMLA prohibits employers from retaliating against employees who exercise their rights under the FMLA, including their right to take FMLA leave.

36.    Ms. Williams engaged in conduct protected by the FMLA by taking intermittent FMLA leave as necessitated by her PTSD and PTSD related symptoms.

37.    Ms. Williams did not come to work with "bright red" hair on June 21, 2019.  This allegation was manufactured to support terminating Ms. Williams.

38.    Other employees of the CCSO frequently report to work with dyed and/or bleached hair but are not disciplined for doing so.

39.    Defendant Hill, as Sheriff of Clayton County, Georgia, violated the FMLA by terminating Ms. Williams' employment in retaliation for her use of FMLA leave.

2019CV04628-09

Based on the above facts, Ms. Williams demands a jury trial on all triable issues and asks the Court for the following relief:

a) An order requiring Defendants to reinstate Ms. Williams to her former position at the CCSO, or an award of front pay in lieu of reinstatement;

b) All economic damages caused by Defendants' unlawful conduct, including back pay, other lost income, and related damages;

c) All compensatory damages caused by Defendants' unlawful conduct, including compensation for humiliation, embarrassment, and extreme emotional harm;

d) Punitive damages in an amount sufficient to adequately punish Defendants and deter them from engaging in similar conduct in the future;

e) Liquidated damages as permitted by the FMLA;

f) Attorneys' fees and costs of litigation as permitted by the FMLA and other applicable law; and

g) All other remedies in law and equity that this Court deems proper.

Respectfully submitted on December 9, 2019.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com

2019CV04628-09

**Plaintiff's Consent to Be a Party Plaintiff**

  Pursuant to O.C.G.A. § 34-6A-6(a), by my signature below, I hereby consent to be a party plaintiff in this action.

                           _Gay, Brittani Me'Cole_

                           Brittani Me'Cole Gay (Dec 9, 2019)

                           Plaintiff Brittani Williams

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

BRITTANI WILLIAMS,

             Plaintiff,

             v.

VICTOR HILL, individually and in his
official capacity as Sheriff of Clayton
County, Georgia, RICHARD MOEN,
individually, and DERRICK FARMER,
individually,

             Defendants.

**Civil Action File No.**

**2019CV04628-09**

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS & OFFER TO EXTEND TIME TO FILE ANSWER TO SIXTY (60) DAYS FROM THE DATE THIS WAIVER IS SENT

TO:    Richard Moen
        c/o Timothy Boughey
        Freeman Mathis & Gary, LLP
        100 Galleria Parkway, Suite 1600
        Atlanta, GA 30339-5948

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice. The complaint has been filed in the Superior Court of Clayton County, Georgia and has been assigned the case number set forth above.  This is not a formal summons or notification from the court, but rather my request pursuant to OCGA § 9-11-4 (see attached sheet) that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within 30 days (or 60 days if you are located outside

any judicial district of the United States) after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons was sent to you. I enclose a stamped and addressed envelope for your use. An extra copy of the Waiver of Service is also attached for your records. You are entitled to consult with an attorney regarding this matter.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint until 60 days from the date designated below as the date on which this notice was sent to you (or within 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service in the event the plaintiff prevails in this case. Please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I stipulate that I agree to be bound by the provisions of OCGA § 9-11-4.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the plaintiff on December 13, 2019.

- 2 -

Dated December 13, 2019.

Regan Keebaugh
Georgia Bar No. 535500
regan@decaturlegal.com

My Address to Which a Copy of the Waiver
of Service of Summons Should be Returned:

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, GA 30030

## OCGA § 9-11-4 NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.  It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.  A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

BRITTANI WILLIAMS,

Plaintiff,

v.

VICTOR HILL, individually and in his
official capacity as Sheriff of Clayton
County, Georgia, RICHARD MOEN,
individually, and DERRICK FARMER,
individually,

Defendants.

**Civil Action File No.**

**2019CV04628-09**

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS & OFFER TO EXTEND TIME TO FILE ANSWER TO SIXTY (60) DAYS FROM THE DATE THIS WAIVER IS SENT

TO:   Victor Hill
       c/o Timothy Boughey
       Freeman Mathis & Gary, LLP
       100 Galleria Parkway, Suite 1600
       Atlanta, GA 30339-5948

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice. The complaint has been filed in the Superior Court of Clayton County, Georgia and has been assigned the case number set forth above.  This is not a formal summons or notification from the court, but rather my request pursuant to OCGA § 9-11-4 (see attached sheet) that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within 30 days (or 60 days if you are located outside

any judicial district of the United States) after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons was sent to you.  I enclose a stamped and addressed envelope for your use.  An extra copy of the Waiver of Service is also attached for your records.  You are entitled to consult with an attorney regarding this matter.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint until 60 days from the date designated below as the date on which this notice was sent to you (or within 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service in the event the plaintiff prevails in this case.  Please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I stipulate that I agree to be bound by the provisions of OCGA § 9-11-4.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the plaintiff on December 13, 2019.

- 2 -

Dated December 13, 2019.

Regan Keebaugh
Georgia Bar No. 535500
regan@decaturlegal.com

My Address to Which a Copy of the Waiver
of Service of Summons Should be Returned:

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, GA 30030

**OCGA § 9-11-4 NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.  It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.  A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

- 4 -

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

BRITTANI WILLIAMS,

        Plaintiff,

        v.

VICTOR HILL, individually and in his
official capacity as Sheriff of Clayton
County, Georgia, RICHARD MOEN,
individually, and DERRICK FARMER,
individually,

        Defendants.

**Civil Action File No.**

**2019CV04628-09**

## WAIVER OF SERVICE OF SUMMONS & ACKNOWLEDGMENT THAT ANSWER TO THE COMPLAINT MUST BE FILED WITHIN 60 DAYS FROM THE DATE ON WHICH THIS WAIVER WAS SERVED UPON ME

TO:    Regan Keebaugh
        Radford & Keebaugh, LLC
        315 W. Ponce de Leon Ave, Suite 1080
        Decatur, GA 30030

I acknowledge receipt of your request that I waive service of a summons in the above listed civil action which was filed in the Superior Court of Clayton County, Georgia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.  I understand that I am entitled to consult with an attorney regarding the consequences of my signing this waiver.  I stipulate and agree that I will be voluntarily bound by the provisions of OCGA § 9-11-4 concerning this service of process.  I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that

I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.  I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.  I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you and filed with the clerk, within 60 days after the date this waiver was originally sent to me (see the date of the original Notice of Lawsuit & Request for Waiver of Service), or within 90 days after that date if the request for the waiver was sent outside the United States.

Signed this __10th__ day of _____January_____ ~~2019~~ 2020.

Signature: _____

On Behalf of Defendant <u>Victor Hill</u>

Print Name of Person Signing for Defendant and Title of Such Person:

Name: __Timothy  M.  Bubley__

Title: __Counsel of Record__

- 2 -

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

BRITTANI WILLIAMS,

       Plaintiff,

       v.

VICTOR HILL, individually and in his
official capacity as Sheriff of Clayton
County, Georgia, RICHARD MOEN,
individually, and DERRICK FARMER,
individually,

       Defendants.

**Civil Action File No.**

**2019CV04628-09**

## <u>WAIVER OF SERVICE OF SUMMONS & ACKNOWLEDGMENT THAT ANSWER TO THE COMPLAINT MUST BE FILED WITHIN 60 DAYS FROM THE DATE ON WHICH THIS WAIVER WAS SERVED UPON ME</u>

TO:   Regan Keebaugh
       Radford & Keebaugh, LLC
       315 W. Ponce de Leon Ave, Suite 1080
       Decatur, GA 30030

      I acknowledge receipt of your request that I waive service of a summons in the above listed civil action which was filed in the <u>Superior Court of Clayton County, Georgia</u>. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with an attorney regarding the consequences of my signing this waiver. I stipulate and agree that I will be voluntarily bound by the provisions of OCGA § 9-11-4 concerning this service of process. I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that

I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.  I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.  I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you and filed with the clerk, within 60 days after the date this waiver was originally sent to me (see the date of the original Notice of Lawsuit & Request for Waiver of Service), or within 90 days after that date if the request for the waiver was sent outside the United States.

Signed this ____10th____ day of ____January____, ~~2019~~. 2020

Signature: _____

On Behalf of Defendant <u>Richard Moen</u>

Print Name of Person Signing for Defendant and Title of Such Person:

Name: ____Timothy M Boughey____

Title: ____Counsel of Record____