**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRITTANI WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR HILL, in his individual | ) | CIVIL ACTION FILE NO. |
| capacity as Sheriff of Clayton | ) | 1:20-cv-00186-JPB-JSA |
| County, Georgia, RICHARD MOEN, | ) | |
| individually, and DERRICK FARMER | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendants Sheriff Victor Hill, in his individual capacity as Sheriff of Clayton County, Georgia, and Richard Moen, ("Defendants") and, pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, files this, its Answer and Defenses to Plaintiff's Complaint for Damages ("Answer"), and by way of said Answer respectfully responds to Plaintiff's Complaint for Damages ("Complaint") as follows:

## FIRST DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all times, Defendants' actions with regard to Plaintiff have been in conformance with all applicable laws, rules, and regulations, and Plaintiff's rights have not been violated.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or to the extent that she failed to bring and maintain her claims against Defendants. Plaintiff's claims are barred to the extent any action on which her claims are based occurred more than 180 days prior to the filing of her Complaint.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position.

## FIFTH DEFENSE

All actions taken by Defendants affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory and non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination or retaliation played a motivating part in any action at issue in this

case, the same action would have been taken for legitimate, non-discriminatory and non-retaliatory reasons.

## SIXTH DEFENSE

To the extent any employee, manager, supervisor, or third party engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and/or agency and were not in furtherance of Defendants' business. Any damages that Plaintiff suffered resulted from the acts or omissions of others for whom Defendants are not liable. In addition, Defendants did not have knowledge of, authorize, or ratify the alleged acts.

## SEVENTH DEFENSE

Defendants did not know or have any reason to know of any propensity for any alleged acts of unlawful conduct alleged by Plaintiff.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise ordinary care for her own safety, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license,

payment, release, res judicata, collateral estoppel, statute of frauds, statute of limitations, and waiver.

### NINTH DEFENSE

Any damages that Plaintiff suffered were the direct and proximate result of her own actions and/or inactions, including, but not limited to, her own negligence or assumption of the relevant risks.

### TENTH DEFENSE

Defendants assert the defenses of sovereign, governmental, official, absolute, and/or qualified immunity to the extent allowed by law. To the extent that Defendants are entitled to immunity, Plaintiff's Complaint fails to state a claim within the subject matter jurisdiction of this Court. Defendants have not consented to be sued, have not waived their immunities, and are not liable for any cause or claim asserted.

### ELEVENTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.

### TWELFTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she has failed to act reasonably to mitigate any damages claimed in the instant case, as

required by law.

## THIRTEENTH DEFENSE

The complaint fails to state a claim for punitive damages because Defendants are immune from liability for punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981).

## FOURTEENTH DEFENSE

Any damages Plaintiff alleges she suffered occurred in direct and proximate result of her own actions and/or inactions, or the actions and/or inactions of persons for whom Defendants are not liable.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to any of the relief – equitable, declaratory, legal or attorneys' fees – requested against Defendants; however, to the extent she is entitled to any damages or other relief, which she is not, any such damages or relief is limited to the relief allowable under the applicable provisions of Georgia law and the Family and Medical Leave Act.

## SIXTEENTH DEFENSE

Defendants never, either intentionally or willfully, violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendants act with any

intent to injure or otherwise cause harm to Plaintiff.

## SEVENTEENTH DEFENSE

Defendants respond to the unnumbered and numbered allegations of the Complaint as follows:

## ANSWER TO NATURE OF THE ACTION

1.

The allegations in Paragraph 1 of the Complaint set forth Plaintiff's purported claims and, as such, do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1 and deny liability to Plaintiff in any way.

## "JURISDICTION AND VENUE"

2.

Answering Paragraph 2 of the Complaint, Defendants admit this Court has subject matter jurisdiction, but deny that Plaintiff's claims have any merit. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.

Answering Paragraph 3 of the Complaint, Defendants admit that venue is proper in this Court, but deny that Plaintiff's claims have any merit. Except as

specifically admitted herein, Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

## "PARTIES"

4.

Answering Paragraph 4 of the Complaint, Defendants admit Plaintiff was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office prior to her termination for violation of policies and procedures. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.

Answering Paragraph 5 of the Complaint, Defendants admit that Defendant Victor Hill is the duly elected Sheriff of Clayton, County Georgia and that Plaintiff pursues claims against Defendant Hill in his official and individual capacities. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.

Answering Paragraph 6 of the Complaint, Defendants admit that Defendant Moen is employed by the Sheriff of Clayton County in the Clayton County Sheriff's

Office at the rank of Captain. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.

Answering Paragraph 7 of the Complaint, Defendants admit that Defendant Farmer is employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

**"FACTUAL ALLEGATIONS"**

8.

Answering Paragraph 8 of the Complaint, Defendants admit Plaintiff was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office from July 2012 until April 2015 as a Sheriff's Correctional Officer. Answering further, Defendants admit Plaintiff accepted a voluntary demotion to Sheriff Service Clerk in April 2015. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.

Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, therefore, deny same.

10.

Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, deny same.

11.

Answering Paragraph 11 of the Complaint, Defendants admit Plaintiff was transferred from the Records Day Shift to the Warrants Evening Shift. Answering further, Defendants admit that the Records Day shift was from 0800 to 1430 hours subject to change and overtime requirements with off days on Saturday and Sunday. Defendants also admit that the Warrants Evening Shift was from 1400 to 2230 hours subject to change and overtime requirements with off days on Saturday and Sunday. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.

Answering Paragraph 12 of the Complaint, Defendants admit Plaintiff started working on the Warrants Evening Shift on or about April 13, 2019. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.

Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, deny same.

14.

Defendants deny the allegations set forth in Paragraph 14.

15.

Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, deny same.

16.

Defendants deny the allegations set forth in Paragraph 16.

17.

Defendants deny the allegations set forth in Paragraph 17.

18.

Defendants deny the allegations set forth in Paragraph 18.

19.

Defendants deny the allegations set forth in Paragraph 19.

20.

Defendants deny the allegations set forth in Paragraph 20.

21.

Defendants deny the allegations set forth in Paragraph 21.

22.

Defendants deny the allegations set forth in Paragraph 22.

23.

Answering Paragraph 23 of the Complaint, Defendants admit Plaintiff was notified of her violation of policies and procedures via written memorandum on June 26, 2019. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.

Answering Paragraph 24 of the Complaint, Defendants admit that Plaintiff's employment concluded with her termination for violation of policies and procedures. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

## COUNT ONE – "DISABILITY DISCRIMINATION"
## "O.C.G.A. 34-6A-4"
### ("Against All Defendants")

25.

Defendants reallege and reassert their Defenses and Responses to Plaintiff's

Complaint contained in Paragraphs 1 through 24 above as if fully and completely

set forth verbatim herein.

26.

The allegations set forth in Paragraph 26 recite legal conclusions to which no

responsive pleading by Defendants can or should be framed. To the extent that a

response is warranted, Defendants deny the remaining allegations set forth in

Paragraph 26 of the Complaint.

27.

Defendants deny the allegations set forth in Paragraph 27.

28.

Defendants deny the allegations set forth in Paragraph 28.

29.

Defendants deny the allegations set forth in Paragraph 29.

30.

Defendants deny the allegations set forth in Paragraph 30.

## COUNT TWO – "PUNITIVE DAMAGES UNDER O.C.G.A. 51-12-5.1"
### ("Against All Defendants")

31.

Defendants reallege and reassert their Defenses and Responses to Plaintiff's

Complaint contained in Paragraphs 1 through 30 above as if fully and completely

set forth verbatim herein.

32.

Defendants deny the allegations set forth in Paragraph 32.

33.

Defendants deny the allegations set forth in Paragraph 33.

## COUNT THREE – "RETALIATION IN VIOLATION OF THE FMLA"
### ("Against Defendant Hill in his Official Capacity as Clayton County Sheriff")

34.

Defendants reallege and reassert their Defenses and Responses to Plaintiff's

Complaint contained in Paragraphs 1 through 33 above as if fully and completely

set forth verbatim herein.

35.

Defendants deny the allegations set forth in Paragraph 35.

36.

Defendants deny the allegations set forth in Paragraph 36.

37.

Defendants deny the allegations set forth in Paragraph 37.

38.

Defendants deny the allegations set forth in Paragraph 38.

39.

Defendants deny the allegations set forth in Paragraph 39.

Defendants deny all allegations contained in Plaintiff's Complaint that are not expressly admitted in this answer.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, Defendants pray as follows:

(a)     That judgment be entered in favor of Defendants and against Plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees, be cast against Plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

**<u>DEFENDANTS DEMAND TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.</u>**

-15-

This 31st day of January, 2020.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Timothy M. Boughey*
Jack Hancock
Georgia Bar No. 322450
Timothy M. Boughey
Georgia Bar No. 832112
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing **DEFENDANTS'**

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk

of Court using the CM/ECF system, which will send notification of such filing to

the following attorneys of record:

Regan Keebaugh, Attorney at Law
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030

This 31st day of January, 2020.

**FREEMAN MATHIS & GARY, LLP**

*s/ Timothy M. Boughey*
Jack Hancock
Georgia Bar No. 322450
Timothy M. Boughey
Georgia Bar No. 832112
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com