**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BRITTANI WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR HILL, individually and in his | ) | CIVIL ACTION NO. |
| official capacity as Sheriff of Clayton | ) | 1:20-00186-JPB-JSA |
| County, Georgia, RICHARD MOEN, | ) | |
| individually, DERRICK FARMER | ) | |
| individually, and CLAYTON COUNTY, | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS'ANSWER AND DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendants Sheriff Victor Hill, individually and in his official capacity as Sheriff of Clayton County, Georgia, and Richard Moen, ("Defendants") and, pursuant to Rules 8(c), 12(a), and 15(a)(3) of the Federal Rules of Civil Procedure, files this, its Answer and Defenses to Plaintiff's First Amended Complaint for Damages ("Answer"), and by way of said Answer respectfully responds to Plaintiff's First Amended Complaint for Damages ("Complaint") as follows:

## FIRST DEFENSE

Defendants submit that there has been a misjoinder of parties in that Clayton County is not a proper party to this action; accordingly, Defendants respectfully submit that this Court lacks subject matter jurisdiction over the Complaint. See Grech v. Clayton County, 335 F.3d 1326, 1336 (2003) (en banc); Warren v. Walton, 231 Ga. 495, 499, 202 S.E.2d 405, 409 (1973); Employees Ret. Sys. v. Lewis, 109 Ga. App. 476, 478, 136 S.E.2d 518, 520 (1964).

## SECOND DEFENSE

Defendants assert the defenses of Eleventh Amendment, sovereign, governmental, official, absolute, and/or qualified immunity to the extent allowed by law. To the extent that Defendants are entitled to immunity, Plaintiff's Complaint fails to state a claim within the subject matter jurisdiction of this Court. To the extent that Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution, Defendants respectfully submit that this Court lacks subject matter jurisdiction over the Complaint. Manders v. Lee, 338 F.3d 1304, 1305 (11th Cir. 2003)(en banc); Purcell ex. rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1325 (2005).

## THIRD DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute. Plaintiff's claims under Georgia law are barred to the extent any action on which her claims are based occurred more than 180 days prior to the filing of her Complaint.

## FIFTH DEFENSE

At all times, Defendants' actions with regard to Plaintiff have been in conformance with all applicable laws, rules, and regulations, and Plaintiff's rights have not been violated.

## SIXTH DEFENSE

Plaintiff's claims under O.C.G.A. § 34-6A-4, Rehabilitation Act ("RA") and Family Medical Leave Act ("FMLA") are barred because Defendant Clayton County did not employ Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims against individual Defendants Hill and Moen fail because

Georgia law does not impose individual liability for employment claims under O.C.G.A. § 34-6A-4.

## EIGHTH DEFENSE

Defendants at all times acted in good faith and had objectively reasonable grounds to believe that the act(s) or omission(s) identified by Plaintiff did not violate the FMLA, RA, or O.C.G.A. § 34-6A-4.

## NINTH DEFENSE

Plaintiff's O.C.G.A. § 34-6A-4, RA, and FMLA claims are barred under the same actor defense.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that she was not a qualified individual with a disability as that term is defined by RA.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position with or without a reasonable accommodation.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to request a reasonable accommodation.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent that accommodation of her alleged disability, if any, would have caused undue hardship.

## FIFTEENTH DEFENSE

All actions taken by Defendants affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory and non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination or retaliation played a motivating part in any action at issue in this case, the same action would have been taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## SIXTEENTH DEFENSE

To the extent any employee, manager, supervisor, or third party engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and/or agency and were not in furtherance of Defendants' business. Any damages that Plaintiff suffered resulted from the acts or

omissions of others for whom Defendants are not liable. In addition, Defendants did not have knowledge of, authorize, or ratify the alleged acts.

## SEVENTEENTH DEFENSE

Defendants did not know or have any reason to know of any propensity for any alleged acts of unlawful conduct alleged by Plaintiff.

## EIGHTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff and/or the decedent to exercise ordinary care for the decedent's own safety, failure of plaintiff and/or the decedent to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations (including but not limited to failure to give timely and proper ante-litem notice), sudden emergency, and waiver.

## NINETEENTH DEFENSE

Any damages that Plaintiff suffered were the direct and proximate result of her own actions and/or inactions, including, but not limited to, her own negligence or assumption of the relevant risks.

## TWENTIETH DEFENSE

Defendants have not consented to be sued, have not waived their immunities, and are not liable for any cause or claim asserted.

## TWENTY-FIRST DEFENSE

Defendants did not know or have any reason to know of any propensity for any alleged acts of unlawful conduct alleged by Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she has failed to act reasonably to mitigate any damages claimed in the instant case, as required by law.

## TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim for punitive damages because Defendants are immune from liability for punitive damages.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981).

## TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to any of the relief – equitable, declaratory, legal or attorneys' fees – requested against Defendants; however, to the extent she is entitled to any damages or other relief, which she is not, any such damages or relief is limited to the relief allowable under the applicable provisions of Georgia law and the FMLA.

## TWENTY-SIXTH DEFENSE

Defendants never, either intentionally or willfully, violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendants act with any intent to injure or otherwise cause harm to Plaintiff.

## TWENTY-SEVENTH DEFENSE

Plaintiff does not identify or allege a source of federal financial assistance in support of her RA claims.

## TWENTY-EIGHTH DEFENSE

Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-NINTH DEFENSE

Plaintiff failed to effectuate service on Defendant Clayton County, Georgia.

## THIRTIETH DEFENSE

Defendants respond to the unnumbered and numbered allegations of the Complaint as follows:

## ANSWER TO NATURE OF THE ACTION

1.

The allegations in Paragraph 1 of the Complaint set forth Plaintiff's purported claims and, as such, do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1 and deny liability to Plaintiff in any way.

## "JURISDICTION AND VENUE"

2.

Answering Paragraph 2 of the Complaint, Defendants admit this Court has subject matter jurisdiction, but deny that Plaintiff's claims have any merit or that Plaintiff filed her respective claims against the proper legal entities or within the applicable statutes of limitations. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.

Answering Paragraph 3 of the Complaint, Defendants admit that venue is proper in this Court, but deny that Plaintiff's claims have any merit. Except as

specifically admitted herein, Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

## **"PARTIES"**

4.

Answering Paragraph 4 of the Complaint, Defendants admit Plaintiff was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office prior to her termination for violation of policies and procedures. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.

Answering Paragraph 5 of the Complaint, Defendants admit that Defendant Victor Hill is the duly elected Sheriff of Clayton, County Georgia and that Plaintiff pursues claims against Defendant Hill in his official and individual capacities. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.

Answering Paragraph 6 of the Complaint, Defendants admit that Defendant Moen is employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office and has served in various ranks, including Captain. Except as specifically

admitted herein, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.

The allegations set forth in Paragraph 7 of the Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 7 of the Complaint.

8.

Answering Paragraph 8 of the Complaint, Defendants admit that Defendant Farmer was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.

The allegations set forth in Paragraph 9 of the Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 9 of the Complaint.

10.

Answering Paragraph 10 of the Complaint, Defendants submit that there has been a misjoinder of parties in that Defendant Clayton County is not a proper party to this action; accordingly, Defendants respectfully submit that this Court lacks subject matter jurisdiction over the Complaint. See Grech v. Clayton County, 335 F.3d 1326, 1336 (2003) (en banc); Warren v. Walton, 231 Ga. 495, 499, 202 S.E.2d 405, 409 (1973); Employees Ret. Sys. v. Lewis, 109 Ga. App. 476, 478, 136 S.E.2d 518, 520 (1964). The allegations set forth in Paragraph 10 of the Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint.

## "FACTUAL ALLEGATIONS"

11.

Answering Paragraph 11 of the Complaint, Defendants admit Plaintiff was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office from July 2012 until April 2015 as a Sheriff's Correctional Officer. Answering further, Defendants admit Plaintiff accepted a voluntary demotion to Sheriff Service Clerk in April 2015. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.

Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, deny same.

13.

Answering Paragraph 13 of the Complaint, Defendants admit Plaintiff applied for and received leave under the FMLA several times throughout her employment. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.

Answering Paragraph 14 of the Complaint, Defendants admit Plaintiff was transferred from the Records Day Shift to the Warrants Evening Shift. Answering further, Defendants admit that the Records Day shift was from 0800 to 1430 hours subject to change and overtime requirements with off days on Saturday and Sunday. Defendants also admit that the Warrants Evening Shift was from 1400 to 2230 hours subject to change and overtime requirements with off days on Saturday and Sunday. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.

Answering Paragraph 15 of the Complaint, Defendants admit Plaintiff started working on the Warrants Evening Shift on or about April 13, 2019. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.

Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, deny same.

17.

Defendants deny the allegations set forth in Paragraph 17.

18.

Defendants respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, deny same.

19.

Answering Paragraph 19 of the Complaint, Defendants admit Plaintiff underwent a fitness for duty exam. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.

Answering Paragraph 20 of the Complaint, Defendants admit Plaintiff underwent a fitness for duty exam. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.

Defendants deny the allegations set forth in Paragraph 21. Answering further, Defendants admit Plaintiff's fitness for duty evaluation contained a designation that she could not perform the essential functions of the job as follows:

**GENERAL INFORMATION**

Name of patient (please print): _WILLIAMS   BRITTANI   M._
                                   Last           First        Middle initial

Today's Date: _6 - 19 - 2019_

The patient is fit-for-duty and can perform the essential functions of the job?  Yes __  No __✓
(See attached job description)

In addition, Defendants admit that Plaintiff was also restricted from working around any male strangers and could not identify a reasonable accommodation for this restriction from performing an essential function of her position:

Describe any restrictions you are placing on the employee:

① NO WORKING AFTER DARK — ONLY WORK DURING DAYLIGHT HOURS
② LIMITED CONTACT WITH MALE STRANGERS

Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations set forth in Paragraph 22. Answering further, Defendants admit Plaintiff's fitness for duty evaluation contained a designation that she could not perform the essential functions of the job as follows:

**GENERAL INFORMATION**

Name of patient (please print): WILLIAMS   BRETTANI   M.

Today's Date: 6 - 19 - 2019

The patient is fit-for-duty and can perform the essential functions of the job? Yes ___ No ✓
(See attached job description)

In addition, Defendants admit that Plaintiff was also restricted from working around any male strangers and could not identify a reasonable accommodation for this restriction from performing an essential function of her position:

-16-

Describe any restrictions you are placing on the employee:

① NO WORKING AFTER DARK — ONLY WORK DURING DAYLIGHT HOURS

② LIMITED CONTACT WITH MALE STRANGERS

Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations set forth in Paragraph 22. Answering further, Defendants admit Plaintiff's fitness for duty evaluation contained a designation that she could not perform the essential functions of the job as follows:

GENERAL INFORMATION

Name of patient (please print): WILLIAMS BRITTNVI M.

Today's Date: 6 - 19 - 2019

The patient is fit-for-duty and can perform the essential functions of the job? Yes __ No ✓
(See attached job description)

In addition, Defendants admit that Plaintiff was also restricted from working around any male strangers and could not identify a reasonable accommodation for this restriction from performing an essential function of her position:

-17-

Describe any restrictions you are placing on the employee:

① NO WORKING AFTER DARK — ONLY WORK DURING DAYLIGHT HOURS

② LIMITED CONTACT WITH MALE STRANGERS

Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.

Defendants deny the allegations forth in Paragraph 24.

25.

Answering Paragraph 25 of the Complaint, Defendants admit Plaintiff was notified of her violation of policies and procedures via written memorandum on June 26, 2019. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.

Answering Paragraph 26 of the Complaint, Defendants admit that Plaintiff's employment concluded with her termination for violation of policies and procedures. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.

Answering Paragraph 27 of the Complaint, Defendants admit that Defendant Farmer submitted his investigative report through the chain of command. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.

Answering Paragraph 28 of the Complaint, Defendants admit that Plaintiff received written notice of violation of policies and procedures. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.

Defendants deny the allegations forth in Paragraph 29.

## COUNT ONE – "DISABILITY DISCRIMINATION"
## "O.C.G.A. 34-6A-4"

**("Against Defendants Farmer, Moen, and Hill, Individually and in his Official Capacity as Sheriff of Clayton County, Georgia")**

30.

Defendants reallege and reassert their Defenses and Responses to Plaintiff's Complaint contained in Paragraphs 1 through 29 above as if fully and completely set forth verbatim herein.

31.

The allegations set forth in Paragraph 31 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 31 of the Complaint.

32.

Defendants deny the allegations set forth in Paragraph 32.

33.

Defendants deny the allegations set forth in Paragraph 33.

34.

Defendants deny the allegations set forth in Paragraph 34.

35.

Defendants deny the allegations set forth in Paragraph 35.

36.

Defendants deny the allegations set forth in Paragraph 36.

37.

Defendants deny the allegations set forth in Paragraph 37.

38.

Defendants deny the allegations set forth in Paragraph 38.

39.

Defendants deny the allegations set forth in Paragraph 39.

40.

Defendants deny the allegations set forth in Paragraph 40.

41.

Defendants deny the allegations set forth in Paragraph 41.

**COUNT TWO – "Retaliation in Violation of the FMLA"**

**("Against Defendants Clayton County and Hill in his Official Capacity as Sheriff of Clayton County, Georgia")**

42.

Defendants reallege and reassert their Defenses and Responses to Plaintiff's Complaint contained in Paragraphs 1 through 41 above as if fully and completely set forth verbatim herein.

43.

The allegations set forth in Paragraph 43 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 43 of the Complaint.

44.

The allegations set forth in Paragraph 44 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 44 of the Complaint.

45.

Defendants deny the allegations set forth in Paragraph 45.

46.

Defendants deny the allegations set forth in Paragraph 46.

47.

Defendants deny the allegations set forth in Paragraph 47.

48.

Defendants deny the allegations set forth in Paragraph 48.

**COUNT THREE – "Violation of the Rehabilitation Act"**
**("Against Defendant Hill in his Official Capacity as Clayton County Sheriff")**

49.

Defendants reallege and reassert their Defenses and Responses to Plaintiff's Complaint contained in Paragraphs 1 through 48 above as if fully and completely set forth verbatim herein.

50.

The allegations set forth in Paragraph 44 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 44 of the Complaint.

51.

The allegations set forth in Paragraph 51 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 51 of the Complaint.

52.

The allegations set forth in Paragraph 52 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 52 of the Complaint.

53.

The allegations set forth in Paragraph 53 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a

response is warranted, Defendants deny the remaining allegations set forth in Paragraph 53 of the Complaint.

54.

The allegations set forth in Paragraph 54 recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent that a response is warranted, Defendants deny the remaining allegations set forth in Paragraph 54 of the Complaint.

55.

Defendants deny the allegations set forth in Paragraph 55.

56.

Defendants deny the allegations set forth in Paragraph 56.

57.

Defendants deny the allegations set forth in Paragraph 57.

58.

Defendants deny the allegations set forth in Paragraph 58.

59.

Defendants deny the allegations set forth in Paragraph 59.

60.

Defendants deny the allegations set forth in Paragraph 60.

61.

Defendants deny the allegations set forth in Paragraph 61.

Defendants deny all allegations contained in Plaintiff's Complaint that are not expressly admitted in this answer.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, Defendants pray as follows:

(a)    That judgment be entered in favor of Defendants and against Plaintiff on the complaint;

(b)    That the costs of this action, including attorney's fees, be cast against Plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

### DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

This 9th day of March, 2020.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Timothy M. Boughey*
Jack Hancock
Georgia Bar No. 322450
Timothy M. Boughey
Georgia Bar No. 832112
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing **DEFENDANTS'**

**ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED**

**COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to the following attorneys of record:

Regan Keebaugh, Attorney at Law
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030

This 9th day of March, 2020.

**FREEMAN MATHIS & GARY, LLP**

*s/ Timothy M. Boughey*
Jack Hancock
Georgia Bar No. 322450
Timothy M. Boughey
Georgia Bar No. 832112
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com