IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRITTANI WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CIVIL ACTION FILE NO.: |
| VICTOR HILL, individually and in his | * | 1:20-cv-00186-JPB-JSA |
| official capacity as Sheriff of Clayton | * | |
| County, Georgia, RICHARD MOEN, | * | |
| individually, DERRICK FARMER, | * | |
| individually, and CLAYTON COUNTY | * | |
| GEORGIA, | * | |
| | * | |
| Defendants, | * | |

## DEFENDANT DERRICK FARMER'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW,  Defendant Derrick Farmer, individually, and files this his Answer and Defenses to Plaintiff's First Amended Complaint (hereinafter "Complaint"), showing this Honorable Court more fully as follows:

### FIRST DEFENSE

The Complaint fails to state a plausible claim upon which relief can be granted against Defendant Farmer and therefore should be dismissed.

## SECOND DEFENSE

Plaintiff's claims against Defendant Farmer are barred to the extent applicable by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## THIRD DEFENSE

Any claim under O.C.G.A. § 34-6A-1 et. seq. must be dismissed because Plaintiff was not disabled as a matter of law.

## FOURTH DEFENSE

Without admitting that Plaintiff was disabled within the meaning of Georgia's Equal Employment for Persons with Disabilities O.C.G.A. § 34-6A-1, et. seq., or the Americans with Disabilities Act, any claim of disability discrimination is barred because Plaintiff was not a qualified individual with a disability within the meaning of either Act.

## FIFTH DEFENSE

Plaintiff's damages, if any, are the result of Plaintiff's own conduct or the conduct of third parties for whom Defendant Farmer is not legally responsible.

## SIXTH DEFENSE

Plaintiff is barred for failure to exhaust administrative remedies as to any claim premised on alleged conduct that was not specifically described in the charge of discrimination on which Plaintiff bases her contention that she has exhausted administrative remedies.

<u>SEVENTH DEFENSE</u>

Any other defenses herein notwithstanding, there is no causal connection between Plaintiff's alleged attempts to exercise rights under applicable law and any employment action taken by Defendant Farmer.

<u>EIGHTH DEFENSE</u>

Any other defenses herein notwithstanding, Plaintiff cannot establish that but-for alleged bias against her alleged disability, she would not have been subject to the employment actions about which she complains.

<u>NINTH DEFENSE</u>

Any other defenses herein notwithstanding, any action taken by Defendant Farmer with respect to Plaintiff was justifiable, was for legitimate non-discriminatory and non-retaliatory business reasons, and was not willful, intentional, wanton, malicious, or done in a reckless or knowing manner.

<u>TENTH DEFENSE</u>

Without admitting any wrongdoing with respect to Plaintiff, Defendant Farmer would still have taken the challenged actions without consideration of any alleged impermissible factor.

<u>ELEVENTH DEFENSE</u>

Without admitting that Plaintiff suffered any damages, Plaintiff's claim for damages must be dismissed, or in the alternative limited, to the extent Plaintiff failed

to mitigate or was the cause of her claimed damages. Also, any claim for economic damages must be reduced by the amount of employment income earned, or which with reasonable diligence could have been earned, by Plaintiff during the period of time Plaintiff claims she was not permitted to work.

TWELFTH DEFENSE

Without admitting that Plaintiff is entitled to any damages, Plaintiff's claims for compensatory, punitive, and liquidated damages must be dismissed because Plaintiff has failed to plead facts or law sufficient to support the availability of such damages.  Also, even if Plaintiff could seek punitive or liquidated damages for the claims asserted, any such damages would be barred because any alleged discriminatory or otherwise unlawful behavior imputed to Defendant Farmer, all of which Defendant Farmer denies, was neither intentional, knowing, reckless, malicious, nor willful and was contrary to Defendant Farmer's good faith efforts to comply with applicable law.

THIRTEENTH DEFENSE

Any claim for equitable relief must be dismissed because Plaintiff has failed to plead facts to support the availability of such relief.

FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file this lawsuit within the time period required

by the applicable statute. Plaintiff's claims under Georgia law are barred to the extent any action on which her claims are based occurred more than 180 days prior to the filing of her Complaint.

FIFTEENTH DEFENSE

At all times, Defendant Farmer's actions with regard to Plaintiff have been in conformance with all applicable laws, rules, and regulations, and Plaintiff's rights have not been violated.

SIXTEENTH DEFENSE

Plaintiff's claims under O.C.G.A. § 34-6A-4, Rehabilitation Act ("RA") and Family Medical Leave Act ("FMLA") are barred because Defendant Derrick did not employ Plaintiff.

SEVENTEENTH DEFENSE

Plaintiff's claims against individual Defendant Derrick Farmer fail because Georgia law does not impose individual liability for employment claims under O.C.G.A. § 34-6A-4.

EIGHTEENTH DEFENSE

Defendant Farmer at all times acted in good faith and had objectively reasonable grounds to believe that the act(s) or omission(s) identified by Plaintiff did not violate the FMLA, RA, or O.C.G.A. § 34-6A-4.

## NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position.

## TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position with or without a reasonable accommodation.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent that she failed to request a reasonable accommodation.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred to the extent that accommodation of her alleged disability, if any, would have caused undue hardship.

## TWENTY-THIRD DEFENSE

Any damages that Plaintiff suffered resulted from the acts or omissions of others for whom Defendant Farmer is not liable.

## TWENTY-FOURTH DEFENSE

Defendant did not know or have any reason to know of any propensity for any alleged acts of unlawful conduct alleged by Plaintiff.

## TWENTY-FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff and/or the decedent to exercise ordinary care for the decedent's own safety, failure of plaintiff and/or the decedent to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## TWENTY-SIXTH DEFENSE

Any damages that Plaintiff suffered were the direct and proximate result of her own actions and/or inactions, including, but not limited to, her own negligence or assumption of the relevant risks.

## TWENTY-SEVENTH DEFENSE

Defendants did not know or have any reason to know of any propensity for any alleged acts of unlawful conduct alleged by Plaintiff.

## TWENTY-EIGHTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.

## TWENTY-NINETH DEFENSE

Plaintiff is not entitled to any of the relief – equitable, declaratory, legal or attorneys' fees – requested against Defendant Farmer; however, to the extent she is entitled to any damages or other relief, which she is not, any such damages or relief are limited to the relief allowable under the applicable provisions of Georgia law, FMLA and/or RA.

## THIRTIETH DEFENSE

Defendant Farmer reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## THIRTY-FIRST DEFENSE

By way of answer to the specific numbered allegations of the Complaint, Defendant Farmer responds as follows:

1.

The allegations of Paragraph 1 consist of arguments of counsel or conclusions of law that do not call for a response. To the extent these allegations are deemed to qualify as allegations of fact, they are denied.

<u>JURISDICTION AND VENUE</u>

2.

Defendant Farmer admits that this Court has subject matter jurisdiction over the Plaintiff's claims.

3.

Defendant Farmer admits that venue is proper in this Court.

<u>PARTIES</u>

4.

Defendant Farmer admits that Plaintiff was employed by the Clayton County Sheriff's Office and denies the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

Defendant Farmer admits that Defendant Victor Hill is the current Sheriff of Clayton County, Georgia and admits that Sheriff Hill is the final policy maker for Clayton County Sheriff's Office and the final decision maker with respect to Plaintiff's termination. Defendant Farmer denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant Farmer admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant Farmer admits the allegations contained in Paragraph 7 of Plaintiff's Complaint as related to Defendant Moen.

8.

Defendant Farmer admits he was the Chief Clerk of the Clayton County Sheriff's Office and denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant Farmer denies that any actions described in the Plaintiff's Complaint were in any way discriminatory or retaliatory and to the extent Paragraph 9 makes any such allegations, Defendant Farmer denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Farmer lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore these allegations stand as denied.

FACTUAL ALLEGATIONS

11.

Defendant Farmer admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant Farmer lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, therefore these allegations stand as denied.

13.

Defendant Farmer admits having knowledge of Plaintiff requesting FMLA leave and lacks sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint, therefore these allegations stand as denied.

14.

Defendant Farmer admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant Farmer admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant Farmer lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore the allegations stand as denied.

17.

Defendant Farmer admits having knowledge of a letter from Plaintiff's psychiatrist dated April 15, 2019 and lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore the allegations stand as denied.

18.

Defendant Farmer lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore the allegations stand as denied.

19.

Defendant Farmer lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore the allegations stand as denied.

20.

Defendant Farmer admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant Farmer lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore the allegations stand as denied.

22.

Defendant Farmer admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant Farmer admits having knowledge of Plaintiff's healthcare provider completing a fit for duty form for Plaintiff and lacks sufficient knowledge or information to either admit the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore the allegations stand as denied.

24.

Defendant Farmer admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Farmer admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant Farmer admits having conducted an investigation and presented a recommendation to the Sheriff regarding the Plaintiff's work appearance on or around June 21, 2019. Defendant Farmer denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant Farmer admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant Farmer admits to having sent a memorandum notifying Plaintiff of likely discipline. However, Defendant Farmer denies he had any authority to discipline the Plaintiff and therefore denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant Farmer admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

<u>COUNT ONE – DISABILITY DISCRIMINATION IN VIOLATION OF</u>
<u>O.C.G.A. § 34-6A-4</u>
<u>AGAINST DEFENDANTS FARMER, MOEN, AND HILL, INDIVIDUALLY</u>
<u>AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF CLAYTON COUNTY,</u>
<u>GEORGIA</u>

30.

Defendant Farmer realleges and reasserts his defenses and responses to Plaintiff's Complaint contained in Paragraphs 1 through 29 above as if fully and completely set forth verbatim herein.

31.

The allegations set forth in Paragraph 31 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent that a response is warranted, Defendant denies the allegations set forth in Paragraph 31 of the Plaintiff's Complaint.

32.

Defendant Farmer denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant Farmer denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant Farmer denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant Farmer denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant Farmer denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant Farmer denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant Farmer denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant Farmer denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant Farmer denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant Farmer denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

COUNT TWO – RETALIATION IN VIOLATION OF THE FMLA

AGAINST DEFENDANTS CLAYTON COUNTY AND HILL IN HIS
OFFICIAL CAPACITY AS SHERIFF OF CLAYTON COUNTY, GEORGIA

42.

Defendant Farmer realleges and reasserts his defenses and responses to Plaintiff's Complaint contained in Paragraphs 1 through 41 above as if fully and completely set forth verbatim herein.

43.

The allegations set forth in Paragraph 43 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent that a response is warranted, Defendant denies the allegations set forth in Paragraph 43 of the Plaintiff's Complaint.

44.

The allegations set forth in Paragraph 44 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent that a response is warranted, Defendant denies the allegations set forth in Paragraph 44 of the Plaintiff's Complaint.

45.

Defendant Farmer denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendant Farmer denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendant Farmer denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant Farmer denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

COUNT THREE – VIOLATION OF THE REHABILITATION ACT

AGAINST DEFENDANTS CLAYTON COUNTY AND HILL IN HIS OFFICIAL CAPACITY AS SHERIFF OF CLAYTON COUNTY, GEORGIA

49.

Defendant Farmer realleges and reasserts his defenses and responses to Plaintiff's Complaint contained in Paragraphs 1 through 48 above as if fully and completely set forth verbatim herein.

50.

The allegations set forth in Paragraph 50 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent

that a response is warranted, Defendant Farmer denies the allegations set forth in Paragraph 50 of the Plaintiff's Complaint.

51.

The allegations set forth in Paragraph 51 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent that a response is warranted, Defendant Farmer denies the allegations set forth in Paragraph 51 of the Plaintiff's Complaint.

52.

The allegations set forth in Paragraph 52 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent that a response is warranted, Defendant Farmer denies the allegations set forth in Paragraph 52 of the Plaintiff's Complaint.

53.

The allegations set forth in Paragraph 53 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent that a response is warranted, Defendant Farmer denies the allegations set forth in Paragraph 53 of the Plaintiff's Complaint.

54.

The allegations set forth in Paragraph 54 recite legal conclusions to which no responsive pleading by Defendant Farmer can or should be framed. To the extent

that a response is warranted, Defendant Farmer denies the allegations set forth in Paragraph 54 of the Plaintiff's Complaint.

55.

Defendant Farmer denies the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56.

Defendant Farmer denies the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

57.

Defendant Farmer denies the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58.

Defendant Farmer denies the allegations contained in Paragraph 58 of the Plaintiff's Complaint.

59.

Defendant Farmer denies the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60.

Defendant Farmer denies the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61.

Defendant Farmer denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62.

Defendant Farmer denies each and every allegation contained in Plaintiff's Complaint which has not been specifically admitted herein.

63.

To the extent a response is required as to Plaintiff's Original Complaint, Defendant Farmer denies all allegations contained therein.

64.

Defendant Farmer denies Plaintiff's wherefore / ad damnum clause except to the extent it prays for a trial by jury of twelve.

WHEREFORE, Defendant Farmer seeks that Plaintiff's Complaint be dismissed and seeks all other and affirmative relief as this Court deems just and proper.

(signature on following page)

Respectfully submitted this 14th day of April, 2020.

HALL BOOTH SMITH, P.C.

  _/s/ Mariel E. Smith_____

| | |
|---|---|
| 191 Peachtree Street, N.E. | R. David Ware |
| Suite 2900 | Georgia Bar No.: 737756 |
| Atlanta, Georgia 30303-1755 | Mariel E. Smith |
| T: (404) 954-5000 | Georgia Bar No.: 707608 |
| F: (404) 954-5020 | Melanie Slaton |
| dware@hallboothsmith.com | Georgia Bar No.: 539960 |
| msmith@hallboothsmith.com | |

*Attorneys for Defendant Derrick Farmer, individually*

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel for Defendants certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B and C.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRITTANI WILLIAMS,                          *
                                            *
        Plaintiff,                          *
                                            *
v.                                          *
                                            *        CIVIL ACTION FILE NO.:
VICTOR HILL, individually and in his        *          1:20-cv-00186-JPB-JSA
official capacity as Sheriff of Clayton     *
County, Georgia, RICHARD MOEN,              *
individually, DERRICK FARMER,               *
individually, and CLAYTON COUNTY            *
GEORGIA,                                    *
                                            *
        Defendants,                         *

## **VERIFICATION**

STATE OF GEORGIA
COUNTY OF CLAYTON

        Personally appeared before me, the undersigned attesting officer, duly
authorized by law to administer oaths, Derrick Farmer, who after being duly sworn,
deposes and states on oath that the information supplied in DEFENDANT
DERRICK FARMER'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST
AMENDED COMPLAINT is true and correct to the best of his knowledge.

This   14   day of   April   , 2020.

_____
DERRICK FARMER

68721633-1
12454-0001

Sworn to and subscribed before me this
14ᵗʰ day of April , 2020.

Notary Public
My commission expires: ___February 1, 2021

My Commission Expires
February 1, 2021

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel for Defendants certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B and C.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed a copy of the within and foregoing DEFENDANT DERRICK FARMER'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT via electronically with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Regan Keebaugh
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
regan@decaturlegal.com

Timothy M. Boughey
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
tboughey@fmglaw.com

Respectfully submitted this 14th day of April, 2020.

HALL BOOTH SMITH, P.C.

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1755
T: (404) 954-5000
F: (404) 954-5020
dware@hallboothsmith.com
msmith@hallboothsmith.com

 */s/ Mariel E. Smith*
R. David Ware
Georgia Bar No.: 737756
Mariel E. Smith
Georgia Bar No.: 707608
Melanie Slaton
Georgia Bar No.: 539960

*Attorneys for Defendant Derrick Farmer, individually*