**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRITTANI WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR HILL, individually and in his | ) | CIVIL ACTION NO. |
| official capacity as Sheriff of Clayton | ) | 1:20-00186-JPB-JSA |
| County, Georgia, RICHARD MOEN, | ) | |
| individually, DERRICK FARMER | ) | |
| individually, and CLAYTON COUNTY, | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CLAYTON COUNTY GEORGIA'S ANSWER AND
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant Clayton County, Georgia ("Defendant"), and, pursuant to Rules 8(c), 12(a), and 15(a)(3) of the Federal Rules of Civil Procedure, files this, its Answer and Defenses to Plaintiff's First Amended Complaint for Damages ("Answer"), and by way of said Answer respectfully responds to Plaintiff's First Amended Complaint for Damages ("Complaint") as follows:

**FIRST DEFENSE**

Defendant submits that there has been a misjoinder of parties in that Clayton County is not a proper party to this action; accordingly, Defendant respectfully

submits that this Court lacks subject matter jurisdiction over the Complaint. <u>See</u> <u>Grech v. Clayton County</u>, 335 F.3d 1326, 1336 (2003) (en banc); <u>Warren v. Walton</u>, 231 Ga. 495, 499, 202 S.E.2d 405, 409 (1973); <u>Employees Ret. Sys. v. Lewis</u>, 109 Ga. App. 476, 478, 136 S.E.2d 518, 520 (1964).

## SECOND DEFENSE

Defendant asserts the defenses of Eleventh Amendment, sovereign, governmental, official, absolute, and/or qualified immunity to the extent allowed by law. To the extent that Defendant is entitled to immunity, Plaintiff's Complaint fails to state a claim within the subject matter jurisdiction of this Court. To the extent that Defendant is entitled to immunity under the Eleventh Amendment to the United States Constitution, Defendant respectfully submits that this Court lacks subject matter jurisdiction over the Complaint. <u>Manders v. Lee</u>, 338 F.3d 1304, 1305 (11th Cir. 2003)(en banc); <u>Purcell ex. rel. Estate of Morgan v. Toombs County</u>, 400 F.3d 1313, 1325 (2005).

## THIRD DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute. Plaintiff's claims under Georgia law are barred to the extent any action on which her claims are based occurred more than 180 days prior to the filing of her Complaint.

**FIFTH DEFENSE**

At all times, Defendant's actions with regard to Plaintiff have been in conformance with all applicable laws, rules, and regulations, and Plaintiff's rights have not been violated.

**SIXTH DEFENSE**

Plaintiff's claims under O.C.G.A. § 34-6A-4, Rehabilitation Act ("RA") and Family Medical Leave Act ("FMLA") are barred because Defendant Clayton County did not employ Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's claims under O.C.G.A. § 34-6A-4, RA, and FMLA are barred under the doctrine of collateral estoppel because the issue of whether Defendant employs employees of the duly elected Clayton County Sheriff has been litigated previously. More specifically, both this Court and the Eleventh Circuit have rejected Plaintiff's

theory that Defendant is a "co-employer" with the duly elected Clayton County Sheriff on account of administrative functions, the existence of the workplace rules, and regulations, and the payment of fringe benefits. Instead, the previously litigated cases involving Defendant all resulted in a final order finding that Defendant did not "does not exert control over the fundamental aspects of the employment relationship and, therefore, it should not be treated as a single employer with the Sheriff" or similar conclusions of law and fact. See Grech v. Clayton County, 335 F.3d 1326 (11th Cir. 2003); H.D. Massengale, et al. v. Victor Hill, et al., No. 1:05-CV-189-TWT, 2005 U.S. Dist. LEXIS 48827, at *24-25 (N.D. Ga. July 25, 2005); Redding, et al. v. Stanley Tuggle, individually and in his capacity as former Sheriff of Clayton County, et al., No. 1:05-CV-2899-WSD, 2006 U.S. Dist. LEXIS 101380, at *22 (N.D. Ga. May 26, 2006); Cassells v. Hill, No. 1:07-cv-2755-TCB, 2010 U.S. Dist. LEXIS 120337, at *30-31 (N.D. Ga. Nov. 8, 2010); Lane v. Clayton Cty., Civil Action No. 1:08-CV-3781-TWT-LTW, 2010 U.S. Dist. LEXIS 150811 (N.D. Ga. Feb. 19, 2010).

## **EIGHTH DEFENSE**

Defendant at all times acted in good faith and had objectively reasonable grounds to believe that the act(s) or omission(s) identified by Plaintiff did not violate the FMLA, RA, or O.C.G.A. § 34-6A-4.

## NINTH DEFENSE

Plaintiff's O.C.G.A. § 34-6A-4, RA, and FMLA claims are barred under the same actor defense.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that she was not a qualified individual with a disability as that term is defined by RA.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that she could not perform the essential functions of her position with or without a reasonable accommodation.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to request a reasonable accommodation.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent that accommodation of her alleged disability, if any, would have caused undue hardship.

## FIFTEENTH DEFENSE

All actions taken by Defendant affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory and non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination or retaliation played a motivating part in any action at issue in this case, the same action would have been taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## SIXTEENTH DEFENSE

To the extent any employee, manager, supervisor, or third party engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and/or agency and were not in furtherance of Defendant's business. Any damages that Plaintiff suffered resulted from the acts or omissions of others for whom Defendant is not liable. In addition, Defendant did not have knowledge of, authorize, or ratify the alleged acts.

## SEVENTEENTH DEFENSE

Defendant did not know or have any reason to know of any propensity for any alleged acts of unlawful conduct alleged by Plaintiff.

### EIGHTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff and/or the decedent to exercise ordinary care for the decedent's own safety, failure of plaintiff and/or the decedent to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations (including but not limited to failure to give timely and proper ante-litem notice), sudden emergency, and waiver.

### NINETEENTH DEFENSE

Any damages that Plaintiff suffered were the direct and proximate result of her own actions and/or inactions, including, but not limited to, her own negligence or assumption of the relevant risks.

### TWENTIETH DEFENSE

Defendant has not consented to be sued, have not waived their immunities, and are not liable for any cause or claim asserted.

### TWENTY-FIRST DEFENSE

Defendant did not know or have any reason to know of any propensity for any

alleged acts of unlawful conduct alleged by Plaintiff.

### TWENTY-SECOND DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.

### TWENTY-THIRD DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she has failed to act reasonably to mitigate any damages claimed in the instant case, as required by law.

### TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim for punitive damages because Defendant is immune from liability for punitive damages.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981).

### TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to any of the relief – equitable, declaratory, legal or attorneys' fees – requested against Defendant; however, to the extent she is entitled to any damages or other relief, which she is not, any such damages or relief is limited to the relief allowable under the applicable provisions of Georgia law and the FMLA.

### TWENTY-SIXTH DEFENSE

Defendant never, either intentionally or willfully, violated Plaintiff's rights in

any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendant act with any intent to injure or otherwise cause harm to Plaintiff.

## TWENTY-SEVENTH DEFENSE

Plaintiff does not identify or allege a source of federal financial assistance in support of her RA claims.

## TWENTY-EIGHTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-NINTH DEFENSE

Plaintiff's Complaint does not have any factual allegations that Defendant's employees, officer, or agents retaliated against or otherwise terminated Plaintiff. Instead, Plaintiff attributes all of the employment actions to employees of the duly elected Sheriff of Clayton County.

## THIRTIETH DEFENSE

Defendant responds to the unnumbered and numbered allegations of the Complaint as follows:

## ANSWER TO NATURE OF THE ACTION

### 1.

The allegations in Paragraph 1 of the Complaint set forth Plaintiff's purported claims and, as such, do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 1 and deny liability to Plaintiff in any way.

## "JURISDICTION AND VENUE"

### 2.

Answering Paragraph 2 of the Complaint, Defendant admits this Court has subject matter jurisdiction, but deny that Plaintiff's claims have any merit or that Plaintiff filed her respective claims against the proper legal entities or within the applicable statutes of limitations. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

### 3.

Answering Paragraph 3 of the Complaint, Defendant admits that venue is proper in this Court, but deny that Plaintiff's claims have any merit. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

## "PARTIES"

4.

Answering Paragraph 4 of the Complaint, Defendant admits Plaintiff was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office prior to her termination for violation of policies and procedures. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.

Answering Paragraph 5 of the Complaint, Defendant admits that Defendant Victor Hill is the duly elected Sheriff of Clayton, County Georgia and that Plaintiff pursues claims against Defendant Hill in his official and individual capacities. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6.

Answering Paragraph 6 of the Complaint, Defendant admits that Defendant Moen is employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office and has served in various ranks, including Captain. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7.

The allegations set forth in Paragraph 7 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.

Answering Paragraph 8 of the Complaint, Defendant admits that Defendant Farmer was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.

The allegations set forth in Paragraph 9 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.

Answering Paragraph 10 of the Complaint, Defendant submit that there has been a misjoinder of parties in that Defendant Clayton County is not a proper party to this action; accordingly, Defendant respectfully submit that this Court lacks subject matter jurisdiction over the Complaint. See Grech v. Clayton County, 335

F.3d 1326, 1336 (2003) (en banc); <u>Warren v. Walton</u>, 231 Ga. 495, 499, 202 S.E.2d 405, 409 (1973); <u>Employees Ret. Sys. v. Lewis</u>, 109 Ga. App. 476, 478, 136 S.E.2d 518, 520 (1964). The allegations set forth in Paragraph 10 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 10 of the Complaint.

## "FACTUAL ALLEGATIONS"

### 11.

Answering Paragraph 11 of the Complaint, Defendant admits Plaintiff was employed by the Sheriff of Clayton County in the Clayton County Sheriff's Office from July 2012 until April 2015 as a Sheriff's Correctional Officer. Answering further, Defendant admits Plaintiff accepted a voluntary demotion to Sheriff Service Clerk in April 2015. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

### 12.

Defendant respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, deny same.

### 13.

Answering Paragraph 13 of the Complaint, Defendant admits Plaintiff applied for and received leave under the FMLA several times throughout her employment. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.

Answering Paragraph 14 of the Complaint, Defendant admits Plaintiff was transferred from the Records Day Shift to the Warrants Evening Shift. Answering further, Defendant admits that the Records Day shift was from 0800 to 1430 hours subject to change and overtime requirements with off days on Saturday and Sunday. Defendant also admit that the Warrants Evening Shift was from 1400 to 2230 hours subject to change and overtime requirements with off days on Saturday and Sunday. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.

Answering Paragraph 15 of the Complaint, Defendant admits Plaintiff started working on the Warrants Evening Shift on or about April 13, 2019. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.

Defendant respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, deny same.

17.

Defendant denies the allegations set forth in Paragraph 17.

18.

Defendant respond that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, deny same.

19.

Answering Paragraph 19 of the Complaint, Defendant admits Plaintiff underwent a fitness for duty exam. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.

Answering Paragraph 20 of the Complaint, Defendant admits Plaintiff underwent a fitness for duty exam. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations set forth in Paragraph 21. Answering further, Defendant admits Plaintiff's fitness for duty evaluation contained a designation that she could not perform the essential functions of the job as follows:

**GENERAL INFORMATION**

Name of patient (please print): _WILLIAMS   BRITTANI   M._

Today's Date: _6 - 19 - 2019_

The patient is fit-for-duty and can perform the essential functions of the job? Yes __ No _✓_
(See attached job description)

In addition, Defendant admits that Plaintiff was also restricted from working around any male strangers and could not identify a reasonable accommodation for this restriction from performing an essential function of her position:



Describe any restrictions you are placing on the employee:
① NO WORKING AFTER DARK — ONLY WORK DURING DAYLIGHT HOURS
② LIMITED CONTACT WITH MALE STRANGERS

Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations set forth in Paragraph 22. Answering further, Defendant admits Plaintiff's fitness for duty evaluation contained a designation that she could not perform the essential functions of the job as follows:

**GENERAL INFORMATION**

Name of patient (please print): _WILLIAMS    BRETTNI    M._

Today's Date: _6 - 19 - 2019_

The patient is fit-for-duty and can perform the essential functions of the job?  Yes __  No _✓_
(See attached job description)

In addition, Defendant admits that Plaintiff was also restricted from working around any male strangers and could not identify a reasonable accommodation for this restriction from performing an essential function of her position:

Describe any restrictions you are placing on the employee:
① NO WORKING AFTER DARK — ONLY WORK DURING DAYLIGHT HOURS
② LIMITED CONTACT WITH MALE STRANGERS

Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations set forth in Paragraph 22. Answering further, Defendant admits Plaintiff's fitness for duty evaluation contained a designation that she could not perform the essential functions of the job as follows:

**GENERAL INFORMATION**

Name of patient (please print): WILLIAMS BRETTANI M.
                                Last              First         Middle Initial

Today's Date: 6-19-2019

The patient is fit-for-duty and can perform the essential functions of the job?  Yes __  No ✓
(See attached job description)

In addition, Defendant admits that Plaintiff was also restricted from working around any male strangers and could not identify a reasonable accommodation for this restriction from performing an essential function of her position:

Describe any restrictions you are placing on the employee:
① NO WORKING AFTER DARK — ONLY WORK DURING DAYLIGHT HOURS
② LIMITED CONTACT WITH MALE STRANGERS

Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations forth in Paragraph 24.

25.

Answering Paragraph 25 of the Complaint, Defendant admits Plaintiff was notified of her violation of policies and procedures via written memorandum on June 26, 2019. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26.

Answering Paragraph 26 of the Complaint, Defendant admits that Plaintiff's employment concluded with her termination for violation of policies and procedures. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.

Answering Paragraph 27 of the Complaint, Defendant admits that Defendant Farmer submitted his investigative report through the chain of command. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28.

Answering Paragraph 28 of the Complaint, Defendant admits that Plaintiff received written notice of violation of policies and procedures. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations forth in Paragraph 29.

## COUNT ONE – "DISABILITY DISCRIMINATION" "O.C.G.A. 34-6A-4"

**("Against Defendants Farmer, Moen, and Hill, Individually and in his Official Capacity as Sheriff of Clayton County, Georgia")**

30.

Defendant realleges and reassert its Defenses and Responses to Plaintiff's Complaint contained in Paragraphs 1 through 29 above as if fully and completely set forth verbatim herein.

31.

The allegations set forth in Paragraph 31 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations set forth in Paragraph 32.

33.

Defendant denies the allegations set forth in Paragraph 33.

34.

Defendant denies the allegations set forth in Paragraph 34.

35.

Defendant denies the allegations set forth in Paragraph 35.

36.

Defendant denies the allegations set forth in Paragraph 36.

37.

Defendant denies the allegations set forth in Paragraph 37.

38.

Defendant denies the allegations set forth in Paragraph 38.

39.

Defendant denies the allegations set forth in Paragraph 39.

40.

Defendant denies the allegations set forth in Paragraph 40.

41.

Defendant denies the allegations set forth in Paragraph 41.

## COUNT TWO – "Retaliation in Violation of the FMLA"

### ("Against Defendants Clayton County and Hill in his Official Capacity as Sheriff of Clayton County, Georgia")

42.

Defendant realleges and reasserts its Defenses and Responses to Plaintiff's Complaint contained in Paragraphs 1 through 41 above as if fully and completely set forth verbatim herein.

43.

The allegations set forth in Paragraph 43 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44.

The allegations set forth in Paragraph 44 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations set forth in Paragraph 45.

46.

Defendant denies the allegations set forth in Paragraph 46.

47.

Defendant denies the allegations set forth in Paragraph 47.

48.

Defendant denies the allegations set forth in Paragraph 48.

**COUNT THREE – "Violation of the Rehabilitation Act"**
**("Against Defendant Hill in his Official Capacity as Clayton County Sheriff")**

49.

Defendant realleges and reasserts its Defenses and Responses to Plaintiff's Complaint contained in Paragraphs 1 through 48 above as if fully and completely set forth verbatim herein.

50.

The allegations set forth in Paragraph 44 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 44 of the Complaint.

51.

The allegations set forth in Paragraph 51 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 51 of the Complaint.

52.

The allegations set forth in Paragraph 52 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 52 of the Complaint.

53.

The allegations set forth in Paragraph 53 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 53 of the Complaint.

54.

The allegations set forth in Paragraph 54 recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations set forth in Paragraph 54 of the Complaint.

55.

Defendant denies the allegations set forth in Paragraph 55.

56.

Defendant denies the allegations set forth in Paragraph 56.

57.

Defendant denies the allegations set forth in Paragraph 57.

58.

Defendant denies the allegations set forth in Paragraph 58.

59.

Defendant denies the allegations set forth in Paragraph 59.

60.

Defendant denies the allegations set forth in Paragraph 60.

61.

Defendant denies the allegations set forth in Paragraph 61.

Defendant denies all allegations contained in Plaintiff's Complaint that are not expressly admitted in this answer.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, Defendant prays as follows:

(a)     That judgment be entered in favor of Defendants and against Plaintiff

       on the complaint;

(b)     That the costs of this action, including attorney's fees, be cast against

       Plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just

       and proper.

<u>**DEFENDANT  DEMAND TRIAL BY JURY**</u>
<u>**ON ALL ISSUES SO TRIABLE.**</u>

This 20th day of July, 2020

            Respectfully submitted,

            **FREEMAN MATHIS & GARY, LLP**

            <u>*s/ Timothy M. Boughey*   </u>
            Jack Hancock
            Georgia Bar No. 322450
            Timothy M. Boughey
            Georgia Bar No. 832112
            *Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing **DEFENDANT CLAYTON COUNTY, GEORGIA'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Regan Keebaugh, Attorney at Law
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030

This 20th day of July, 2020.

**FREEMAN MATHIS & GARY, LLP**

*s/ Timothy M. Boughey*
Jack Hancock
Georgia Bar No. 322450
Timothy M. Boughey
Georgia Bar No. 832112
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com