IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANI WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR HILL, individually and in his official capacity as Sheriff of Clayton County, Georgia, RICHARD MOEN, individually, DERRICK FARMER, individually, and CLAYTON COUNTY, GEORGIA,<br><br>Defendants. | **Civil Action File No.**<br><br>**1:20-cv-00186-JPB-JSA** |

## SECOND AMENDED COMPLAINT

Plaintiff Brittani Williams ("Ms. Williams") files this Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Ms. Williams states her amended complaint against the above-named Defendants as follows:

1. This is a complaint for (1) disability discrimination pursuant to O.C.G.A. § 34-6A-4, (2) retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), (3) violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* (the "Rehabilitation Act"), and (4) violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as

amended (the "ADA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court because one or more of the Defendants resides within this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff, Ms. Williams, is a resident of Clayton County, Georgia and submits to the jurisdiction of this Court. Ms. Williams was formerly employed by the Clayton County Sheriff's Office (the "CCSO") and Clayton County, Georgia. This complaint arises from Defendants' termination of Ms. Williams' employment due to her disability and in retaliation for her use of FMLA leave.

5. Defendant Victor Hill ("Hill") is the current Sheriff of Clayton County, Georgia. He is sued in his individual and official capacities. As Sheriff, Hill is the final policymaker for the CCSO and, upon information and belief, was the final decision-maker with respect to Ms. Williams' termination.

6. At all times relevant to this complaint, Defendant Richard Moen ("Moen") was a Captain with the CCSO. He participated in the decision to terminate Ms. Williams' employment.

7. Moen's actions described herein were taken within the course and scope of his employment as a Captain with the CCSO.

8. At all times relevant to this complaint, Defendant Derrick Farmer ("Farmer") was the Chief Clerk of the CCSO. He participated in the decision to terminate Ms. Williams' employment.

9. Farmer's actions described herein were taken within the course and scope of his employment as Chief Clerk of the CCSO.

10. Defendant Clayton County, Georgia ("Clayton County") is a political subdivision of the State of Georgia. The CCSO has delegated significant authority to Clayton County over the CCSO's employees. For example, Clayton County handles all administrative responsibilities for CCSO employees, including payroll, provision of medical and disability benefits, and administration of FMLA leave. Further, all CCSO employees are covered by Clayton County's civil service rules and regulations. Clayton County is therefore sued as Ms. Williams' co-employer.

## FACTUAL ALLEGATIONS

11. Ms. Williams began employment with the CCSO as a Corrections Officer in July 2012. She became a Sheriff Service Clerk in April 2015.

12. Ms. Williams suffers from service-related Post Traumatic Stress Disorder ("PTSD").

13. In January 2018, Ms. Williams requested and received intermittent FMLA leave for leave necessitated by her PTSD symptoms, including severe headaches, debilitating anxiety, and panic attacks.

14. In early April 2019, Ms. Williams was informed that she was being transferred from the "day shift," which begins at 8:00 a.m. and ends at 4:00 p.m., to the "evening shift," which begins at 2:30 p.m. and ends at 10:30 p.m.

15. The CCSO formally transferred Ms. Williams from day shift to evening shift on or about April 13, 2019.

16. Being outside after dark aggravates Ms. Williams' PTSD, which in turn causes her to experience increased stress and anxiety, severe headaches, and panic attacks, among other symptoms.

17. Ms. Williams provided the CCSO a letter from her psychiatrist on April 15, 2019, in which her psychiatrist notified the CCSO that Ms. Williams suffers from PTSD, depression, and anxiety. Ms. Williams' psychiatrist further

explained in the letter that "recent changes in [Ms. Williams'] work duties, i.e., working after sunset and/or alone in the office while interacting with strangers and the general public, is likely to increase overall stress level and may need to be considered in regards to supporting this veteran's gainful employment."

18. After transferring to evening shift, Ms. Williams began experiencing more frequent headaches and panic attacks, among other symptoms of exacerbated PTSD. During this period, Ms. Williams used FMLA leave to cover leave necessitated by these symptoms.

19. In response to the April 15, 2019 letter from Ms. Williams' psychiatrist, on June 13, 2019, the CCSO notified Ms. Williams that she was required to undergo a "fit-for-duty exam . . . to obtain specific information to determine [her] ability to safely and effectively carry out [her] duties as a Sheriff's Office Clerk." The CCSO also required Ms. Williams' healthcare provider to complete a "fit-for-duty evaluation form" as part of the exam.

20. Ms. Williams underwent the required fit-for-duty exam on June 19, 2019.

21. Ms. Williams passed the fit-for-duty exam.

22. On the fit-for-duty evaluation form, Ms. Williams' healthcare provider indicated that her PTSD does not "pose a direct threat to the health and safety

of herself or others" and that she is able to perform the essential functions of her job with accommodation.

23. Ms. Williams' healthcare provider further explained on the fit-for-duty evaluation form that Ms. Williams has "panic attacks when outside alone after dark," and as a result, she is "unable to be outside alone after dark." Therefore, Ms. Williams' healthcare provider indicated that Ms. Williams required a workplace accommodation of "not working after dark."

24. The CCSO received Ms. Williams' fit-for-duty evaluation form and request for accommodations on June 19, 2019.

25. Two days after receiving Ms. Williams' fit-for-duty evaluation form and request for accommodations, on June 21, 2019, Hill issued a formal "disciplinary announcement" regarding Ms. Williams. In the announcement, Hill wrote: "Today, Clerk Brittany Williams has been placed on administrative leave without pay pending the outcome of an investigation concerning unprofessional work appearance and insubordination."

26. As the Chief Clerk of the CCSO, Farmer conducted an investigation of Ms. Williams' alleged unprofessional work appearance and insubordination. Farmer prepared a formal investigative report in which he alleged, falsely, that Ms. Williams came to work with "bright red" hair on June 21, 2019, and that

by doing so, she violated the CCSO's "personal hygiene" policy. Farmer's investigative report concluded that Ms. Williams' alleged policy violation amounted to "cause for dismissal" under the CCSO's disciplinary policies.

27. Farmer submitted his investigative report to Hill and Moen on June 26, 2019.

28. Also on June 26, 2019, Farmer sent Ms. Williams a memorandum notifying her of his intent to discipline her for violating the CCSO's personal hygiene policy on June 21, 2019.

29. On June 28, 2019, Moen terminated Ms. Williams for allegedly violating the CCSO's personal hygiene policy on June 21, 2019.

## COUNT ONE

### Disability Discrimination
### in Violation of O.C.G.A. § 34-6A-4

### Against Defendants Farmer, Moen, and Hill, Individually and in his Official Capacity as Sheriff of Clayton County, Georgia

30. Plaintiff incorporates paragraphs 1 through 29 above as if fully set forth herein.

31. O.C.G.A. § 34-6A-4(a) provides: "No employer shall . . . discriminate against any individual with disabilities with respect to wages, rates of pay, hours, or other terms and conditions of employment because of such person's disability unless such disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible."

32. Ms. Williams was fully able to perform the duties and responsibilities of a Sheriff Service Clerk.

33. Farmer, Moen, and Hill resented Ms. Williams' disability and that she required an accommodation for her disability.

34. For example, in Farmer's June 26, 2019 memo to Ms. Williams, Farmer specifically referenced Ms. Williams' accommodation request immediately before informing her of his intent to discipline her:

# Memorandum

From: Derrick Farmer
To: Clerk Brittani Williams
Date: June 26, 2019
RE: Letter of Intent to Discipline

Dear Ms. Williams:

    It has come to our attention that you have made requests for accommodations within the Sheriff's Office for the position which you are currently holding. Some of the requests you have made we are able to reasonably able to accommodate. However, some of the requests are not reasonable to accommodate and therefore pose a problem for the Sheriff's Office. Your request to not work around strangers or men is unreasonable as most of the Inmates, Deputies and males. Additionally, dealing with the public poses a problem as well as half of the public are male. There is no place within the Sheriff's Office where you can work without male contact, e.g.., your supervisor, and his supervisor. I am sorry to say that we cannot accommodate that request.

Additionally, while reviewing your request for accommodations you reported to work on June 21, 2019 and had bright red hair. On April 17th, 2019 at 1:00pm you attended a class on appropriate dress policy for the Sheriff's Office which included instructions that no flamboyant colorful hair was to be worn.

35.    Similarly, Moen also referenced Ms. Williams' accommodation request in his termination letter to her:

# LETTER OF TERMINATION

From:      Captain Richard Moen  *RMoen 11335*

To:        Clerk Brittani Williams

Date:      June 28, 2019

RE:        Letter of Termination

Dear Ms. Williams:

    After review of the facts surrounding your request for accommodations and subsequent conduct on June 21, 2019 it is the determination of the Sheriff that your employment with the Sheriff's Office be terminated immediately.

36. Contrary to Farmer's, Moen's, and Hill's allegations, Ms. Williams did not come to work with "bright red" hair on June 21, 2019 or any other day.

37. Farmer, Moen, and Hill falsely alleged that Ms. Williams came to work with "bright red" hair to manufacture a reason to terminate Ms. Williams because of her disability and because she requested an accommodation for her disability.

38. Moreover, Farmer, Moen, and Hill treated Ms. Williams far more harshly than other non-disabled employees. For example, Farmer, Moen, and Hill were aware that other employees of the CCSO frequently report to work with dyed and/or bleached blonde hair but are not disciplined for doing so. In contrast, Ms. Williams was terminated for dying her hair brown.

39. O.C.G.A. § 34-6A-6(a) provides that "any individual with disabilities who is aggrieved by an unfair employment practice against such individual may institute a civil action against the persons engaged in such prohibited conduct."

40. Farmer, Moen, and Hill violated O.C.G.A. § 34-6A-4 by terminating Ms. Williams' employment due to her disability and because of her request that her disability be accommodated.

41. Therefore, pursuant to O.C.G.A. § 34-6A-6(a), Farmer, Moen, and Hill are liable to Ms. Williams for injunctive relief and damages as permitted under O.C.G.A. § 34-6A-6(b).

## COUNT TWO

### Retaliation in Violation of the FMLA

### Against Defendants Clayton County and
### Hill in his Official Capacity as Sheriff of Clayton County, Georgia

42. Plaintiff incorporates paragraphs 1 through 41 above as if fully set forth herein.

43. The FMLA prohibits employers from retaliating against employees who exercise their rights under the FMLA, including their right to take FMLA leave.

44. Ms. Williams engaged in conduct protected by the FMLA by taking intermittent FMLA leave as necessitated by her PTSD and PTSD related

symptoms.

45. Ms. Williams did not come to work with "bright red" hair on June 21, 2019. This allegation was manufactured to support terminating Ms. Williams.

46. Other employees of the CCSO frequently report to work with dyed and/or bleached hair but are not disciplined for doing so.

47. Defendants Clayton County and Hill, as Sheriff of Clayton County, violated the FMLA by terminating Ms. Williams' employment in retaliation for her use of FMLA leave.

48. Clayton County and Hill and therefore liable to Ms. Williams for all damages proximately caused by their violation of the FMLA, including lost wages, liquidated damages, attorneys' fees, and litigation costs.

### COUNT THREE

### Violation of the Rehabilitation Act

### Against Defendants Clayton County and Hill in his Official Capacity as Sheriff of Clayton County, Georgia

49. Plaintiff incorporates paragraphs 1 through 48 above as if fully set forth herein.

50. Section 504 of the Rehabilitation Act provides that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that receives Federal financial assistance.

51. Defendants Clayton County and Hill, in his official capacity as Sheriff of Clayton County, are recipients of Federal funds and are therefore subject to the anti-discrimination provisions of the Rehabilitation Act.

52. The Rehabilitation Act requires covered employers to reasonably accommodate an employee who is a qualified individual with a disability.

53. The Rehabilitation Act prohibits covered employers from discriminating against an employee due to the employee's disability.

54. The Rehabilitation Act also prohibits covered employers from retaliating against an employee for seeking reasonable accommodations for their disability.

55. Ms. Williams was a qualified individual with a disability in that she was able to perform the essential functions of her job with reasonable accommodation.

56. Defendants Clayton County and Hill violated the Rehabilitation Act by failing to reasonably accommodate Ms. Williams' disability.

57. Defendants Clayton County and Hill violated the Rehabilitation Act by terminating Ms. Williams due to her disability.

58. Defendants Clayton County and Hill violated the Rehabilitation Act by terminating Ms. Williams in retaliation for her requests for reasonable accommodations.

59. These Defendants' actions were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

60. Defendants Clayton County and Hill are therefore liable for all damages resulting from their violations of the Rehabilitation Act, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

61. Ms. Williams further seeks an order from this Court under the Rehabilitation Act requiring Defendant Hill to reinstate her, to provide her with reasonable accommodations, and to otherwise cease violating her rights under the Rehabilitation Act.

### COUNT FOUR

### Violation of the ADA

### Against Defendant Hill in his Official Capacity as Sheriff of Clayton County, Georgia

62. Plaintiff incorporates paragraphs 1 through 61 above as if fully set forth herein.

63. The ADA requires covered employers to reasonably accommodate an employee who is a qualified individual with a disability.

64. The ADA prohibits covered employers from discriminating against an employee due to the employee's disability.

65. The ADA also prohibits covered employers from retaliating against an employee for seeking reasonable accommodations for their disability.

66. Ms. Williams was a qualified individual with a disability in that she was able to perform the essential functions of her job with reasonable accommodation.

67. Defendant Hill violated the ADA by failing to reasonably accommodate Ms. Williams' disability.

68. Defendant Hill violated the ADA by terminating Ms. Williams due to her disability.

69. Defendant Hill violated the ADA by terminating Ms. Williams in retaliation for her requests for reasonable accommodations.

70. Hill's actions were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

71. Hill is therefore liable for all damages resulting from his violations of the ADA, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

72. Ms. Williams further seeks an order from this Court under the ADA requiring Defendant Hill to reinstate her, to provide her with reasonable accommodations, and to otherwise cease violating her rights under the ADA. Based on the above facts, Ms. Williams demands a jury trial on all triable issues and asks the Court for the following relief:

    a)    An order requiring Defendants to reinstate Ms. Williams to her former

        position at the CCSO, or an award of front pay in lieu of reinstatement;

b)     All economic damages caused by Defendants' unlawful conduct, including back pay, other lost income, and related damages;

c)     All compensatory damages caused by Defendants' unlawful conduct, including compensation for humiliation, embarrassment, and extreme emotional harm;

d)     Punitive damages in an amount sufficient to adequately punish Defendants and deter them from engaging in similar misconduct in the future;

e)     Liquidated damages as permitted by the FMLA;

f)     Attorneys' fees and costs of litigation; and

g)     All other remedies in law and equity that this Court deems proper.

Respectfully submitted on March 22, 2021.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com

## Plaintiff's Consent to Be a Party Plaintiff

Pursuant to O.C.G.A. § 34-6A-6(a), by my signature below, I hereby consent to be a party plaintiff in this action.

_Gay, Brittani Me'Cole_
Brittani Me'Cole Gay (Dec 9, 2019)
_____
Plaintiff Brittani Williams

## Certificate of Service

I certify that I filed the foregoing document using the Court's electronic filing system on March 22, 2021, which will send email notification of such filing to all counsel or record in this matter.

**Regan Keebaugh**
Georgia Bar No. 535500