IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Brittani Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No: |
| ) | 1:20-cv-0186-JPB |
| ) | |
| Levon Allen in his official capacity ) | |
| as the Sheriff of Clayton County ) | |
| Georgia, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
AND MEMORANDUM OF LAW IN SUPPORT**

**COMES NOW** Defendant Levon Allen, in his official capacity as the Sheriff of Clayton County, Georgia ("Defendant" or "Sheriff Allen"), and pursuant to Federal Rule of Civil Procedure 50(a), moves for judgment as a matter of law on all of Plaintiff's claims. Specifically, as set forth below, even when the evidence developed at trial is viewed in the light most favorable to Plaintiff, no reasonable jury could conclude that Defendant retaliated against Plaintiff in violation of the American with Disabilities Act or the Rehabilitation Act. In addition, based on the evidence at trial, Plaintiff should be estopped as a matter of law from arguing that she is a "qualified individual" for purposes of her discrimination claims under the ADA and the

Rehabilitation Act.

## I. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 50(a)(2), a party may move for judgment as a matter of law "before the case is submitted to the jury."  Such a motion is properly asserted after a party "has been fully heard on an issue during a jury trial," such as after the plaintiff's close of her case in chief.  Fed. R. Civ. P. 50(a)(1).  "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). In response to a Rule 50(a) motion, "the question before a district court … is whether the evidence is 'legally sufficient … to find for the party on that issue.'"  McGinnis v. American Home Mtg Servicing, Inc., 817 F.3d 1241, 1254 (11th Cir. March 22, 2016); WBY, Inc. v. DeKalb Cnty., Ga, 1:14-CV-00253-LMM, 2018 WL 11356742,*1 (N.D. Ga. May 22, 2018). This includes an analysis of whether there is "sufficient conflict … in the evidence to necessitate submitting the matter to the jury or whether the evidence is so weighted in factor of one side that one party must prevail as a matter of law."  McGinnis, 817 F.3d at 1254 (internal quotations omitted).

## II.     ARGUMENT AND CITATION TO AUTHORITY

**A.     Plaintiff's Retaliation Claims Should Be Dismissed.**

To establish a prima facie case for retaliation under the ADA (and the Rehabilitation Act), "the plaintiff must show (1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there was a causal link between the adverse action and [her] protected expression." Kassa v. Synovus Fin. Corp., 800 Fed. Appx. 804, 810 (2020). A plaintiff engages in statutorily protected activity by requesting a reasonable accommodation, which is the only alleged protected activity at issue in this case.[1] Petty v. Don Park USA Lmt. P'ship, No. 1:20-cv-03070-JPB-RGV, 2021 WL 3399822, *11 (N.D. Ga. April 2021) (quoting Phillips v. Harbor Venice Mgmt. LLC, No. 8:19-cv-2379-T-33TGW, 2020 WL 495224, *4 (M.D. Fl. Jan 30, 2020)).  A plaintiff fails to state a retaliation claim when there is no evidence that she requested an accommodation or explained to her employer "how her [disability] could be accommodated." Perry, 2021 WL 3399822, at *12 (quoting Richardson v.

---

[1] While a plaintiff may also engage in protected activity by objecting to alleged unlawful disability discrimination or by participating in an internal or external complaint proceeding, 42 U.S.C. § 2000 et seq., in this case Plaintiff does not allege any such protected activity.  See also Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 959 (11th Cir. 1997) ("it is an unlawful employment practice for an employer to discriminate against an employee 'because [s]he has opposed any practice made an unlawful employment practice by [the ADA], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].").

Maryland Transit Admin., No. RDB-18-0994, 2019 WL 10002597 (D. Maryland March 1, 2019)) and Mairav. Sti-co Indus., Inc., No. 1-20-cv-00447-LJV-JJM, 2021 WL 1229598, at *7-9 (W.D.N.Y. Feb. 24, 2021), adopted by 2021 WL 1226431, at *1 (W.D.N.Y Mar. 31, 2021) ("finding plaintiff failed to plead an ADA claim because he failed to allege that he requested an accommodation for his PTSD during the relevant time, as well as for other alleged impairments, including his anxiety").

Here, Plaintiff has failed to present any evidence that she engaged in protected activity by requesting a reasonable accommodation. In fact, in her lawyer's opening statement, on direct examination, and in response to cross examination, Plaintiff has been adamant that she did *not* request any accommodation, and has instead claimed that the Sheriff or the Clayton County HR Director simply believed that she had requested such an accommodation. See also Doc. 162, p. 5 ("The evidence will also show that contrary to Hill's conclusion, Ms. Williams was able to perform her job even without any of the accommodations Clayton County HR requested for her…"), p. 7 ("The evidence presented at trial will demonstrate that **Ms. Williams needed no additional accommodation to perform her job**.") (emphasis in bold).

It is also notable that this Court has already dismissed Plaintiff's failure to accommodate claims under the ADA and the Rehabilitation Act. In dismissing those claims, the Court expressly and correctly noted that "[t]he burden of identifying an

accommodation that would allow a qualified employee to perform the essential functions of her job rests with that employee, as does the ultimate burden of persuasion with respect to showing that such an accommodation is reasonable." (Doc. 106, pp. 70-71, citing Earl v. Mervyns, Inc., 207 F.3d 1361, 1367 (11th Cir. 2000)). In other words, it is the Plaintiff who must not only request an accommodation, but also identify a reasonable accommodation, in order to engage in protected activity – the burden is not met simply because a third party HR director or some other person may have incorrectly believed that Plaintiff was requesting an accommodation. Again, Plaintiff has made clear that she *never* requested such an accommodation, and thus did not engage in protected activity. Without having engaged in protected activity, as a matter of law, she has failed to establish a prima facie case of retaliation – which, again, requires proof that she was terminated *because of* such a request – and these claims should be dismissed.[2]

---

[2] Further, although Plaintiff elicited testimony from Pamela Ambles, the Human Resource Director from Clayton County, that Plaintiff had requested leave under the Family Medical Leave Act ("FMLA"), there is no evidence that Sheriff Hill, the final decisionmaker, was aware of this fact. Additionally, Plaintiff acknowledged that she had requested FMLA for years, and it had always been granted. Accordingly, even if Plaintiff had engaged in statutorily protected activity by requesting FMLA, Plaintiff has failed to present evidence of a causal connection between Plaintiff's request of FMLA from Clayton County HR and Sheriff Hill's decision to terminate Plaintiff.

**B.      Plaintiff is Estopped From Arguing That She is a "Qualified Individual."**

This Court should also find that Plaintiff is estopped from asserting she is qualified based on her representations to the VA. A plaintiff may be estopped from asserting that she is a qualified individual under the ADA if she already applied for and received disability benefits. Williams-Evans v. Advance Auto Parts, 843 F. App'x 144, 147 (11th Cir. 2021). If a plaintiff made a previous sworn statement asserting that she is disabled and unable to work, the "court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim" before allowing her claims to proceed. Id. Judicial estoppel "is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent the parties from making a mockery of justice by inconsistent pleadings." McKinnon v. Blue Cross & Blue Shield of Ala., 935 F.2d 1187, 1192 (11th Cir. 1991) (internal quotations omitted.) Whether a plaintiff is estopped depends on the specific statements she made. Id.

Here, the evidence is that starting in May and June of 2019 – while she was still employed at the Sheriff's Office – she sought an increase in her disability rating to 100%. See Defendant's Ex. 38. Then, on her application and appeal for increased disability, she certified under penalty of perjury to the VA that she became "unemployable" in 2019, not as a result of her termination, but because of her "time in service." See Defendant's Ex. 39, pp. 3 and 7. Going further, Plaintiff even

represented to the VA that on June 21, 2019 – while she was *still employed* at the Sheriff's office – she "became too disabled to work." Ultimately, the VA agreed and increased her disability rating to 100% in August of 2019, less than two months after she left the Sheriff's Office.

Notably, during her case in chief at trial, Plaintiff completely failed to demonstrate that her condition changed in any way between June 28, 2019 (the date of her termination) and August 30, 2019 (when she was awarded a 100% disability rating) as a result of her termination or for any other reason connected to her employment. See Defendant's Ex. 40. And, in fact, she has not worked since June 28, 2019, and admitted at trial that she did not even try to seek additional employment between 2020 and the date of trial, which began on May 16, 2023. Her representations to the VA are thus completely inconsistent with her representations in this case. Simply put, Plaintiff does not "explain how she could be [100%] disabled yet still perform the essential functions of her [] position." Williams, 843 F. App'x at 147-48.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing memorandum has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

Respectfully submitted this 18th day of May, 2023.

- 8 -

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
kirsten.daughdril@fmglaw.com

*Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770) 937-9960

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND MEMORANDUM OF LAW IN SUPPORT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to counsel of record who are CM/ECF participants.

This 18th day of May, 2023.

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril
Georgia Bar No. 633350

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960