## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Brittani Williams,          )
                                )
        Plaintiff,       )
                                )
v.                        )     Civil Action File No:
                                )     1:20-cv-0186-JPB
                                )
Levon Allen in his official capacity  )
as the Sheriff of Clayton County   )
Georgia,                    )
                                )
        Defendant.     )

## DEFENDANT'S RESPONSE TO MOTION FOR PREJUDGMENT INTEREST AND REINSTATEMENT

Comes now Defendant Levon Allen and files this Response to Plaintiff's

Motion for Prejudgment Interest and Reinstatement [Doc. 170] showing this Court that

Plaintiff is not entitled to prejudgment interest and/or any equitable relief in this case

for the following reasons: (1) Plaintiff failed to mitigate her damages and the amount

of prejudgment interest is not easily ascertainable; (2) Plaintiff has not demonstrated

that reinstatement is a viable option; (3) Plaintiff's request for front pay in lieu of

reinstatement is barred by Eleventh Amendment immunity;[1] and (4) even it is not

---

[1] Defendant acknowledges that this Court previously held that Plaintiff's
American with Disabilities Act ("ADA") claims are not barred by Eleventh

barred, the jury's backpay award fully compensates Plaintiff; Defendant has done nothing to prevent Plaintiff from obtaining employment; and Plaintiff is not entitled to a windfall in this case. Accordingly, Plaintiff's requests for prejudgment interest and/or equitable relief should be denied.

## I.      Relevant Factual and Procedural History

On February 24, 2020, Plaintiff brought her Complaint against then-Sheriff Hill in his official capacity and several CCSO employees. [Doc. 4]. Plaintiff's allegations included disability discrimination in violation of O.C.G.A. § 34-6A-4; retaliation under the Family and Medical Leave Act; and discrimination (failure to accommodate) and retaliation under Title I of the American with Disabilities Act ("ADA") and the Rehabilitation Act ("Rehab Act") against the CCSO and several CCSO employees. [Doc. 4]. On March 9, 2020, the County and Defendant Hill filed an Answer in which they raised Plaintiff's failure to mitigate damages as an affirmative defense. [Doc. 8 , at 6, Eighteenth Defense]. Defendants filed Motions for Summary Judgment seeking dismissal of all Plaintiff's claims and all Defendants. Subsequently, Plaintiff abandoned all claims other than her discrimination, failure to accommodate, and retaliation claims against the Sheriff

_____

Amendment immunity and reassert this argument to preserve this issue for appeal. [Doc. 141].

in his official capacity under Title I of ADA and the Rehab Act. [Docs. 79, 83, 118, at p. 2]. The Magistrate's Report & Recommendation ("R&R") recommended dismissal of all defendants other than then-Defendant Hill in his official capacity and dismissal of Plaintiff's ADA failure to accommodate claim, but recommended the denial of then-Defendant Hill's Motion for Summary Judgment as to Plaintiff's discrimination and retaliation claims under the ADA and Rehab Act. [Doc. 106, at p. 94, 118]. This Court subsequently issued an Order [Doc. 118] in which it adopted the R&R's recommendations, including the dismissal of Plaintiff's failure to accommodate ADA claim. [Doc. 118, at p. 22]. On May 16, 2023, this case proceeded to a jury trial and, on May 19, 2023, the jury rendered a verdict in favor of Plaintiff. [Doc. 168].

Defendant has consistently raised Plaintiff's failure to mitigate her damages in this case as an affirmative defense including in the Pre-Trial Order [Doc. 153, at 9], during his questioning of Plaintiff at trial and in his closing argument; as a request to charge; and as a separate question on the verdict form [Doc. 168]. Defendant's failure to mitigate defense was based on Plaintiff's complete failure to make reasonable efforts to find work. The jury clearly found that Plaintiff had failed to mitigate her damages because it reduced Plaintiff's award of back pay, $129,623.92 by half resulting in an award of only $64,811.96. [Doc. 168, at 2]. Plaintiff asserts

in her motion that the "jury intended to award [Plaintiff] back pay damages from approximately June 21, 2019, the date she was put on unpaid leave, through approximately June 21, 2021" [Doc. 170, at 9], but there is no evidence that this is an accurate statement of the jury's intent.

## II.    Argument and Citation to Authority

### A.    Plaintiff is not entitled to prejudgment interest.

Plaintiff is not entitled to prejudgment interest for two reasons: she completely failed to mitigate her damages in this case; and the amount of prejudgment interest is not easily ascertainable. District courts have discretion in whether to award prejudgment interest on back pay awards to successful employment discrimination plaintiffs.  See Lamb v. Clayton Cnty. School District, No. 1:19-CV-0695-JFA, 2021 WL 4816614, at *7 (August 10, 2021); Armstrong v. Charlotte Cty. Bd. of Comm'rs, 273 F. Supp. 2d 1312, 1319 (M.D. Fla. 2003) (cleaned up). There is "a presumption that the court should award prejudgment interest on an award of back pay to a successful ... plaintiff," but this can be overcome if the court finds that "an award of prejudgment interest would result in 'unusual inequities.'" Richardson v. Tricom Pictures & Prods., Inc., 334 F. Supp. 2d 13013, 1316 (S.D. Fla. 2004) (quoting Drews v. Social Dev. Comm'n, 95 F. Supp. 2d 985, 991 (E.D. Wis. 1998)).  A plaintiff's failure to mitigate has been found to be an "unusual inequity"

resulting in denial of prejudgment interest. See Felts v. Radio Distributing Co., Inc., 637 F. Supp. 234, 238 (N.D. Ind. 1985).

This case presents an "unusual inequity" that should result in the denial of prejudgment interest to Plaintiff. Specifically, it is undisputed that – notwithstanding the fact that Defendant put Plaintiff on notice as early as 2020 that he was raising a failure to mitigate defense – Plaintiff utterly failed to make **any** reasonable efforts to mitigate her lost wages in the four years since her termination.  Indeed, Plaintiff admitted that she worked only **one day** during that entire four-year time period. Additionally, although the jury found that "work comparable" to Plaintiff's position at the Sheriff's Office was "available," Plaintiff failed to introduce evidence of any attempts to find a comparable job. [Doc. 168, at 2].  Plaintiff's complete failure to make reasonable efforts to find work presents an "unusual inequity" that undermines the public policy of encouraging plaintiffs to take steps to minimize their damages and, therefore, supports the denial of prejudgment interest.

Additionally, the inability to calculate the correct amount prejudgment interest should preclude Plaintiff from receiving a prejudgment interest award.  See e.g., Tucker v. Housing Auth. of Birmingham Dist., 507 F. Supp. 2d 1240, 1284 (N.D. Ala. 2006) (backpay awarded only when it is "easily ascertainable"). Plaintiff's calculation is based on compounded interest and, therefore, the start date

for compounding directly impacts the amount of prejudgment interest. Here, Plaintiff speculates that the "jury intended to award [Plaintiff] back pay damages from approximately June 21, 2019, the date she was put on unpaid leave, through approximately June, 21, 2021" [Doc. 170, at 9], but there is no evidence that this is an accurate statement of the jury's intent.  It is just as likely that the back pay award reflected the time period after the height of the COVID-19 pandemic when it was much easier to enter into the job market; or perhaps the jury did not contemplate backpay for consecutive years at all and believed Plaintiff could have found employment in two nonconsecutive years (*e.g.* 2019 and 2022). The jury's intent is simply unknown. Unsurprisingly, Plaintiff's calculation allows compounding over the longest period of time possible, but she should not get the benefit of her own speculation. In the absence of the ability to accurately calculate prejudgment interest, this Court should deny an award of prejudgment interest.

**B.**    **Reinstatement is not a viable option is this case.**

Reinstatement is not a viable option in this case because, even after the jury's verdict, it remains unclear that there are places in the Sheriff's Office where Plaintiff can work that will not harm her emotional well-being. In determining whether reinstatement is a viable option, courts typically "look to whether discord and antagonism between the parties would render reinstatement ineffective as  a make-

whole remedy," including whether "the termination had harmed the plaintiff's emotional well-being." <u>Richardson</u>, 334 F. Supp. 2d at 1308 (quoting <u>U.S. E.E.O.C. v. W&O, Inc.</u>, 213 F.3d 600, 619 (11th Cir. 2000)).   Here, there is no apparent "discord and antagonism between the parties," but Plaintiff testified at trial that her termination caused her great emotional distress.  For example, Plaintiff testified that felt like she lost her support system when she was terminated, and this caused her great anxiety.

Additionally, it remains unclear that there are any places in the Sheriff's Office where she could work with her limitations, including the need to have  limited contact with strangers ("especially with men").  [Plaintiff's Exhibit 19].   Plaintiff's physician noted:

> It is reasonable to infer recent changes in work duties, i.e., working after sunset and/or alone in an office while interacting with strangers and the general public, **is likely to increase [Plaintiff's] overall stress level**…" [Plaintiff's Exhibit 19].

Indeed, despite repeated questions about whether any of the witnesses considered possible accommodations that could have been made to Plaintiff, not one witness, including Plaintiff, ever identified a position in the Sheriff's Office where Plaintiff could be guaranteed to have limited contact with strangers and/or not being left alone. In other words, Plaintiff has failed to establish that the Sheriff's Office can

provide a reasonable accommodation for her limitations.[2]  Here, then, it is not just the "termination" that caused Plaintiff "great emotional distress," it is actually the job at the Sheriff's Office that "increases Plaintiff's overall stress level." [Plaintiff's Exhibit 19].

Plaintiff's suggestion at trial that Defendant should, in essence, ignore her physician's concerns is spurious. Defendant should not have a legal obligation to reinstate Plaintiff to a position that could harm her and/or take on the burden of any potential liability for doing so. Accordingly, it is unclear that reinstatement is a viable option in this case and, unless and until Plaintiff can present evidence that she

---

[2] Any attempt by Plaintiff to argue that this issue has been resolved by the jury's verdict would be disingenuous because the jury did <u>not</u> consider an ADA/Rehab Act  failure to accommodate claim in this case. Thus, the jury did <u>not</u> render a verdict on whether reasonable accommodations existed at the Sheriff's Office that could accommodate Plaintiff's limitations. *Cf.* <u>Haynes v. City of Montgomery</u>, No.: 2:06-CV-1093-WKW, 2008 WL 4495711, *9 (M.D. Ala. October 6, 2008) (court did not consider defendant's arguments against reinstatement because it found that the jury had considered, but "did not buy," the defendant's arguments). Instead, the jury's verdict was limited to questions related only to her discrimination and retaliation claims. [Doc. 168].  Accordingly, whether there are reasonable accommodations for Plaintiff at the Sheriff's Office remains an unanswered question in this case.

can safely work at the Sheriff's Office, her request for reinstatement should be denied.[3]

## C. Plaintiff's request for front pay should be denied.

### 1.     Front pay is barred by Eleventh Amendment Immunity.

Front pay necessarily implicates "sovereign interests and funds" and, is therefore barred by the Sheriff's Eleventh Amendment immunity.  Cf. Lane v. Cen. Alabama. Comm. Coll., 772 F.3d 1349, 1351 (11th Cir. 2014); Williams v. Dewey, No., 2016 WL 890575, at *2 (M.D. Ga. 2016). In Williams, the district court considered the same issue presented in this case, i.e., whether the plaintiff, a former sheriff's office employee, could pursue front pay in an ADA claim in lieu of reinstatement by the sheriff. Id. at *2. The Williams court acknowledged this issue has not been decided in the Eleventh Circuit but noted that "a number of other Circuits and lower courts have concluded that front pay awards are neither prospective nor equitable relief and are therefore barred by state sovereign immunity." Id. (citing  Campbell v. Ark. Dep't of Corr., 155 F.3d 950, 962 (8th Cir. 1998); Blanciak  v. Allegheny Ludium Corp., 77 F.3d 690, 696-97 (3d Cir. 1996); Freeman v. Mich. Dep't of State, 808 F.2d 1174, 1179 (6th Cir. 1987); Ponsell

---

[3]  Alternatively, Defendant requests an evidentiary hearing on the viability of reinstatement, including current evidence from Plaintiff's physician that she can safely work at the Sheriff's Office.

v. Royal, No. CV 514–042, 2015 WL 1223994 at *4 (S.D. Ga. Mar. 17, 2015); Wood v. Dixon, No. 13–0278–KD–N, 2013 WL 6183143 at *3 n.3 (S.D. Ala. Nov. 26, 2013); Pechon v. La. Dep't of Health and Hosp., No. 08-0664, 2009, WL 2046766 at *10 (E.D. LA. July 14, 2009)). Specifically, those courts found that although "front pay is sometimes awarded as an alternative to the equitable remedy of reinstatement," that is not the correct analysis for Eleventh Amendment purposes because awards of front pay "must be paid from public funds in the state treasury." Id. (quoting Campbell, 155 F.3d at 962). Therefore, the determinative factor as to whether front pay is an appropriate remedy is whether the defendant is acting as an arm of the state for purposes of the defendant's actions at issue.

In Williams, the Court acknowledged that a Georgia sheriff "acts as an 'arm of the state' when he exercises his hiring and firing of deputies." Id. at *3 (citing Pellitteri, 776 F.3d at 780, 783) Accordingly, the court held that "as to the [plaintiff's] claims for front pay under the ADA [ ], [the Sheriff] acted as an 'arm of the state" and is therefore entitled to sovereign immunity." Id. at *3. Accordingly, Plaintiff's claims for front pay should be barred by the Eleventh Amendment immunity.

2.  <u>Plaintiff's failure to mitigate precludes a front pay award.</u>

Front pay "is appropriate only when the other damages awarded will not fully compensate the plaintiff for [her] injury." <u>Richardson</u>, 334 F. Supp. 2d at 1319 (cleaned up).  "[B]ecause of the of the potential for windfall, the use of front pay must be tempered. Front pay remains a special remedy *warranted only by egregious circumstances*." <u>Id.</u> (quoting <u>Lewis v. Fed. Prison Indus., Inc.</u>, 953 F.2d 1277 (11th Cir. 1992) (internal quotes omitted) (italics in original)).  Additionally, the award of front pay is "not appropriate" in cases where the plaintiff has failed to mitigate damages and in cases where there is no evidence that the defendant's actions were "so egregious" that they prevented (and continue to prevent) the plaintiff from obtaining employment by narrowing the "range of economic opportunity available to her" or because her "injury caused a diminution in her ability to learn a living." <u>Id.</u>  (quoting <u>McKnight v. General Motors Corp.</u>, 973 F.2d 1366, 1370 (7th Cir. 1992)).  Here, as discussed above, it is undisputed that Plaintiff failed to mitigate her damages.  Additionally, at trial Plaintiff offered no testimony that the Defendant's actions were "so egregious" that they somehow prevented her from obtaining employment after her termination.  Likewise, Plaintiff presented no testimony that her economic opportunities are limited as a result of Defendant's actions.  To the contrary, Plaintiff admitted she is gaining new skill sets through her vocational

training program. There is simply nothing preventing Plaintiff from obtaining employment – yesterday, today, or tomorrow. Plaintiff's personal choice not to find gainful employment at a time when it is widely known that employers, of all kinds, are aggressively seeking employees should not be rewarded with a windfall of front pay. Instead, this Court should find that the jury's backpay award will more than fully compensate Plaintiff and deny her request for front pay.

### III.  Conclusion

For the above set forth reasons, Defendant respectfully requests that Plaintiff's request for prejudgment interest, reinstatement, and front pay be denied.

### CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing memorandum has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

Respectfully submitted this 8th day of June, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com

Kirsten S. Daughdril
Georgia Bar No. 633350
kirsten.daughdril@fmglaw.com

*Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770) 937-9960

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT'S RESPONSE TO MOTION FOR PREJUDGMENT INTEREST AND REINSTATEMENT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

This 8th day of June, 2023.

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000